McGuire *et al. v.* The State.

No. 14,847.

McGuire et al. *v.* The State.

APPEAL.—*Recognizance-Bond.—Judgment of Forfeiture.*—An appeal will not lie from an order declaring forfeited a recognizance-bond, executed for the appearance of the defendant in a pending criminal prosecution.

From the Fulton Circuit Court.

*M. L. Essick* and *O. F. Montgomery,* for appellants.

*L. T. Michener,* Attorney General, *C. P. Drummond, M. A. Baker* and *J. H. Gillett,* for the State.

COFFEY, J.—On the 24th day of October, 1887, Patrick McGuire and the other appellants herein entered into a recognizance, in the sum of two thousand dollars, for the appearance of the said McGuire in the circuit court of Fulton county on the second day of the next term of said court to be held thereafter, and at each succeeding term of such court thereafter, to answer the charge of murder, and to abide the order of the court until said cause was determined, and not to depart without leave.

At the November term, 1888, the said McGuire failed to appear, and he and his sureties were called and defaulted, but no formal judgment of forfeiture was entered. At the next succeeding term of said court the State's attorney moved for a formal judgment of forfeiture, when the appellants entered a special appearance, and resisted said motion, but the court sustained the motion of the prosecutor, and a formal judgment of forfeiture of said recognizance was entered, and the appellants excepted. They appeal to this court, and assign errors, while the State, by its attorneys, moves to dismiss the appeal, on the ground that the judgment declaring said recognizance forfeited is not a final judgment. This is now the only question for our consideration.

Section 1713, R. S. 1881, provides that in any criminal

proceeding, when the defendant so desires, or the court in its discretion directs it, instead of the recognizance mentioned in the preceding section, the defendant shall be required to enter into a recognizance, with at least two sureties, one of whom shall be a freeholder of the county where the cause is pending, which recognizance shall be continuing, and the defendant shall not be required to renew it during the pendency of the proceedings, unless ordered to do so by the court for cause shown.

Section 1721 provides that if, without sufficient cause, the defendant neglect to appear for trial and judgment, or upon any other occasion when his appearance in court may be lawfully required according to the conditions of his recognizance, the court must direct the fact to be entered upon its minutes, and the recognizance of bail, or money deposited as bail, as the case may be, is thereupon forfeited.

Section 1722 provides that the prosecuting attorney shall, as soon as such fact of forfeiture is entered, proceed by action against the bail upon the recognizance. Such action shall be governed by the rules of civil pleading so far as applicable.

Judgments rendered on such forfeited recognizances are declared by the statute to be liens from the commencement of the action thereon.

It will thus be seen that the default and entry of forfeiture involved in this case constitute a part of the proceedings in the criminal prosecution against McGuire. That prosecution, so far as we can determine by the record before us, is still pending. We know of no authority by which an appeal can be sustained from an order of the court declaring the recognizance of the defendant forfeited on his non-appearance to answer to the charge against him while the main case is still pending. It is not necessary that we should decide what would be the result of a motion to set aside the default, had such a motion been made and overruled. It is sufficient to say that no such motion was made. No final

judgment could be rendered against the appellants on the recognizance until suit was brought upon it. In our opinion this appeal is not well taken.

Appeal dismissed.

Filed June 25, 1889.