The City of Jeffersonville v. Tomlin.

No. 735.

THE CITY OF JEFFERSONVILLE v. TOMLIN.

APPELLATE COURT PRACTICE.—*Record.—Final Judgment.—Dismissal of Appeal.*—Where the record, on appeal, does not contain a final judgment of the trial court, no question is presented for consideration, and the appeal will be dismissed.

From the Clark Circuit Court.

*M. Z. Stannard,* for appellant.

DAVIS, J.—The errors assigned are:

1. That the complaint does not state facts sufficient to constitute a cause of action.

2. That the court erred in overruling the demurrer to the first paragraph of complaint.

3. That the court erred in overruling the demurrer to the second paragraph of complaint.

4. That the court erred in overruling the motion for a new trial.

5. That the court erred in overruling the motion for a *venire de novo*.

6. That the court erred in overruling the appellant's motion for judgment on the special verdict of the jury.

The record does not disclose that any judgment was ever rendered against appellant. The court overruled the demurrer to each paragraph of the complaint, also overruled the motions for a *venire de novo* and new trial, and also overruled appellant's motion for judgment on the special verdict of the jury. The transcript, so far as we have observed thus far, is correct. Following the last ruling mentioned, there is in the record a general bill of exceptions containing the evidence. If judgment had been rendered against appellant on the verdict, the

questions arising on the assignment of errors would be properly presented.

The general rule is well established that, to authorize an appeal, there must be a final judgment. It is likewise well settled that a final judgment is the ultimate determination of the court upon the whole matter in controversy in the action.

The idea of an appeal is to secure a rehearing of the whole case, and where no judgment has been rendered, there is nothing properly presented for review. *Western Union Tel. Co.* v. *Locke, Admr.*, 107 Ind. 9, and authorities there cited.

It may be that, in fact, judgment was rendered in the court below, but we can not indulge in such presumption. The failure of the transcript of the record to show such judgment may be the result of oversight or inadvertence on the part of the clerk who prepared the transcript, or of the attorney who prosecutes the appeal, but such an inference, if correct, does not supply the defect or aid the court.

There is in this case, as it comes to us, no judgment, either to affirm or reverse, and, therefore, no question is presented for our consideration, and all we can do is to dismiss the appeal.

Appeal dismissed.

Filed Oct. 17, 1893.