No. 1,163.

## DUCKWORTH, GUARDIAN, v. KIRBY.

GUARDIAN AND WARD.—*Final Settlement.*—*Review and Correction of Previous Reports.*—Upon a final settlement of a guardian, all previous or concurrent reports are subject to review and correction.

APPELLATE COURT PRACTICE.—*Conflicting Evidence.*—If the evidence is conflicting, the appellate tribunal will not weigh it.

From the Morgan Circuit Court.

*E. M. McCord* and *W. E. McCord*, for appellant.

*F. P. A. Phelps, C. G. Renner* and *A. M. Bain*, for appellee.

Ross, J.—The appellant, as guardian of appellee, filed his final report, to which the appellee filed exceptions, and, upon trial, the court sustained the exceptions disallowing part of the credits claimed by appellant in his report and directing him to account for rents received from his ward's estate, for which he had not charged himself. There was a motion filed by appellant asking for a new trial, which was overruled and exception saved.

The appellant assigns three errors in this court, as follows: First. "The court below erred in sustaining the motion of Willard Kirby to strike out parts of the deposition of the witness, George A. Adams." Second. "The court below erred in overruling the motion of John F. Duckworth, guardian, for a new trial," and, third, "The court below erred in admitting on the trial over the objection of the appellant the evidence of George M. Brown as to the rental value of the real estate of the wards from 1884 to 1892."

The first and third errors assigned present no question on this appeal, inasmuch as such rulings must be assigned as causes for a new trial, and can not be made the subject of an assignment of error in this court.

There remains, therefore, but one alleged error to be considered, namely: Did the court err in overruling the motion for a new trial?

The causes filed with the motion for a new trial call in question the sufficiency of the evidence to sustain the finding of the court.

In support of this assignment it is contended by counsel for the appellant, that the current reports which were filed by appellant, and approved by the court were conclusive until set aside, and that the court must so consider them as against any evidence introduced tending to show their falsity. We can not agree with counsel in this contention, but, on the contrary, must hold that upon a final accounting, all previous or current reports are subject to review and correction. If the former reports were defective or incorrect, upon a final settlement was the proper time to correct them.

There is a conflict in the evidence upon the questions at issue, hence, under the well established rule that when there is a conflict in the evidence, this court will not weigh it and determine which side has the preponderance, no question is presented for our consideration.

There is no error in the record warranting a reversal of the judgment.

Counsel for appellee very earnestly insist that under the evidence in the record, it is evident that the appellant did not faithfully discharge his duties as guardian, and that this appeal is unjust and simply for delay. They, therefore, ask that this court add a penalty to the judgment of affirmance.

There are cases when this court feels called upon to add a penalty to the judgment of affirmance, but such cases are rare, being such only as the court thinks are vexatious in their character. We are disposed to think

this appeal was taken in good faith, hence can not grant appellee's request.

The judgment of the lower court is affirmed, at the cost of the appellant.

