Thomas, Administrator, v. The Chicago and Erie Railway Company.

No. 17,043.

Thomas, Administrator, v. The Chicago and Erie Railway Company.

Appeal.—*Interlocutory Order*.—*Sustaining Demurrer to Evidence*.—*No Appeal from*.—The order of the trial court sustaining a demurrer to the evidence is a mere interlocutory order, and not a final judgment, and no appeal lies therefrom.

From the Huntington Circuit Court.

*L. Mock, A. Simmons, C. W. Watkins, Z. T. Dungan* and *J. C. Branyan,* for appellant.

*O. Gresham* and *J. B. Kenner,* for appellee.

McCabe, J.—The appellant, as administrator of the estate of James L. Platt, deceased, sued the appellee, in the Wells Circuit Court, to recover $10,000 damages to the widow and child of said decedent, caused by the alleged negligence of the appellee in causing the death of said decedent. The venue of the cause was changed to the Huntington Circuit Court where, upon the issues formed upon the complaint, there was a jury trial. At the close of the appellant's evidence the appellee demurred to the evidence. The evidence is all properly set out in the demurrer.

The circuit court sustained the demurrer to the evidence, and the appellant duly excepted and prayed an appeal to the Supreme Court, which was granted. There was no judgment of any kind rendered by the circuit court, though the appellant's learned counsel in their brief say' that the appellee filed its demurrer to the evidence, which the court sustained, withdrew the cause from the jury, and rendered judgment for the defendant (appellee), from which judgment counsel say the plaintiff (appellant) appeals to this court. No such judgment is

found in the record. The ruling sustaining the demurrer to the evidence is assigned as the only error.

Appeals are only authorized by statute, from final judgments. 1 Burns R. S. 1894, section 644 (R. S. 1881, section 632). There are some exceptions to this general rule provided by the statute, where appeals are authorized from certain interlocutory orders, but the case before us does not fall within any of those exceptions. 1 Burns R. S. 1894, section 658 (R. S. 1881, section 646). To constitute a final judgment within the meaning of the statute so as to authorize an appeal, the order appealed from must. make a final disposition of the cause. *North-. cutt* v. *Buckles,* 60 Ind. 577; *Thiebaud* v. *Dufour,* 57 Ind. 589; *Taylor* v. *Board, etc.,* 120 Ind. 121; *State* v. *Spencer,* 92 Ind. 115; *State* v. *Evansville, etc., R. R. Co.,* 107 Ind. 581; *McGuire* v. *State,* 119 Ind. 499; *Champ* v. *Kendrick,* 130 Ind. 545.

An appeal can not be taken by persons when no judgment is rendered for or against such persons. *Jager* v. *Doherty,* 61 Ind. 528. Elliott App. Proced., sections 80, 81, 83. Here there was no judgment rendered for or against anybody, nor did the order sustaining the demurrer to the evidence make a final disposition of the cause. It was a mere interlocutory order liable to be changed before the final disposition of the cause. "The general rule," says Judge ELLIOTT, "that appeals lie only from final judgments is so essential to the orderly administration of justice, and has so much to commend it, that it is with reason that statutory provisions creating exceptions are construed with some strictness.

"The doctrine is that where a general rule exists, and a party asserts that his case forms an exception to the rule, he must show substantial grounds for his claim, or the case will be brought under the rule. This doctrine is applied with liberality to prevent appeals from

intermediate rulings or interlocutory orders, for, in almost every form in which the question has been presented, the courts have exhibited their reluctance to multiply or recognize exceptions to the general rule. * * * The object of the rule is to prevent the multiplication of appeals, and to require parties to submit a case once for all.'' Elliott App. Proced., section 84. Hence, should we entertain this appeal, and reverse the interlocutory order, and remand the cause for further proceedings, it would become the duty of the trial court to make a finding, assess the damages, and render judgment thereon. From such judgment either party could appeal. Thus we should have two appeals in a cause where there had been but one trial thereof.

The same author, Judge ELLIOTT, further says in section 83, already cited, that ''No order is final in such a sense as to constitute a final judgment unless it disposes of the main case so far as there is power in the trial court to decide upon the questions presented by the issues, no matter how clearly and decisively the order may indicate what the ultimate judgment will be. Until there is an ultimate judgment the case is not finally disposed of inasmuch as the trial court may change its rulings, award a *venire de novo*, grant a new trial, or make some such order, notwithstanding the fact that in other rulings it may have clearly manifested a purpose to carry its rulings into the ultimate judgment or decree. * * * The rule that no matter how decisive may seem the ruling of the trial court it is not a final judgment, is well illustrated by the cases in which rulings were made denying a motion for judgment on a special verdict or on the answers of a jury to special interrogatories, for such a ruling is seemingly as clearly indicative of what the final judgment will be, as it is possible for any order

to be, except, of course, the ultimate judgment itself."
See *Indiana Improv. Co.* v. *Wagner*, 134 Ind. 698.

Here, also, the ruling on the demurrer to the evidence
clearly indicated what the ultimate judgment must be if
the ruling was adhered to and remained unchanged, yet
such ruling remained subject to change or modification
until the final judgment should be rendered on the de-
murrer.    After judgment on the demurrer is rendered
there can be no change of the ruling on the demurrer.
The final judgment, had the circuit court adhered to its
ruling on the demurrer, should have been that the plain-
tiff take nothing by his suit, and that the defendant re-
cover of him his costs.

We hold that the order of the circuit court sustaining
the demurrer to the evidence, from which this appeal is
prosecuted, was a mere interlocutory order and not a
final judgment, and that no appeal lies therefrom.

The appeal is, therefore, dismissed.

Filed Nov. 27, 1894.