## HOLLINGSWORTH v. HOLLINGSWORTH, ADMINISTRATOR, ET AL.

### [No. 4,058. Filed October 9, 1902.]

APPEAL AND ERROR.—*When Appeal will not Lie.—Final Judgment.—Partition.—*To a complaint for partition of real estate defendant filed answers and a cross-complaint; the court sustained demurrers to the answers and the cross-complaint; the defendant excepted and refused to plead further, and the court found generally for plaintiff, ordered that partition be made, and appointed commissioners, to all of which defendant excepted and prayed an appeal. *Held,* that an appeal will not lie, it not being disclosed that any judgment was rendered against the defendant.

From Hendricks Circuit Court; *T. J. Cofer*, Judge.

Proceeding by John T. Hollingsworth, administrator of the estate of Murza N. Hollingsworth, deceased, for partition. From the action of the court in sustaining demurrers to his answers and cross-complaint, and ordering partition, Asbury Hollingsworth appeals. *Appeal dismissed.*

*E. A. Miles* and *G. E. Easley*, for appellant.
*E. G. Hogate, J. L. Clark* and *O. E. Gulley*, for appellees.

COMSTOCK, J.—The appellee John T. Hollingsworth, administrator of the estate of Murza N. Hollingsworth, deceased, filed in the Hendricks Circuit Court his petition asking that the interest of Mary Ann Hollingsworth, widow of said decedent, in the real estate left by her said husband, be set off to her so that he could subject to sale a part of the remainder of the said land to make assets with which to pay debts of said decedent. To this petition the appellant filed four paragraphs of answer and a cross-complaint. Demurrers were sustained to the second, third, and fourth

paragraphs of answer and to the cross-complaint, the appellant excepting. The court found generally for the plaintiff on his complaint; ordered that partition be made of the real estate described in his complaint by setting off to the 'widow one-third in value thereof; appointed commissioners to make such partition, directed that they report their partition at the next term of the Hendricks Circuit Court, and in their report to embody a description of the lands set off to said widow,—to all of which appellee excepted and prayed an appeal.

Appellant assigns as error the sustaining of the appellee's demurrer to each the second, third, and fourth paragraphs of his answer and to his cross-complaint. Appeals are only authorized by statute from final judgment. §644 Burns 1901, §632 Horner 1901. To this general rule there are exceptions authorizing appeals from an interlocutory order in the following cases: (1) For the payment of money to compel the execution of any instrument in writing, or the delivery or assignment of any securities, evidences of debt, documents, or other things in action; (2) for the delivery of the possession of real property or the sale thereof; (3) granting or dissolving or overruling motions to dissolve an injunction in term, and granting an injunction in vacation; (4) orders and judgments or writs of *habeas corpus* made in term or vacation. See §658 Burns 1901, §646 Horner 1901. The case before us does not come within the exceptions. The judgment from which an appeal may be taken must make a final disposition of the cause. *Branham* v. *Fort Wayne, etc., R. Co.,* 7 Ind. 524; *Reese* v. *Beck,* 9 Ind. 238; *Spaulding* v. *Thompson,* 12 Ind. 477, 74 Am. Dec. 221; *Melcher* v. *Frendenburg,* 18 Ind. 180; *Wood* v. *Wood,* 51 Ind. 141; *Champ* v. *Kendrick,* 130 Ind. 545; *Thomas* v. *Chicago, etc., R. Co.,* 139 Ind. 462; *City of Jeffersonville* v. *Tomlin,* 7 Ind. App. 681; *Masten* v. *Indiana Car, etc., Co.,* 19 Ind. App. 633; *Davis* v. *Davis,* 36 Ind. 160; *Kern* v. *Maginnis,* 41 Ind.

398; *Rennick* v. *Chandler,* 59 Ind. 354; *Voorhees* v. *Indianapolis Car, etc., Co.,* 140 Ind. 220.

In *Jackson* v. *Myers,* 120 Ind. 504, cited by appellant, the court held that where an action is one primarily for partition, an appeal will not lie from an interlocutory order of the court appointing commissioners to make partition; and that in the case then under consideration the order for partition and appointing commissioners were mere incidents to the judgment rendered, and that, as to the principal question involved, the judgment of the court was final, and appellant had the right to appeal.

*Voorhees* v. *Indianapolis Car, etc., Co., supra,* also cited by appellant, was an action upon a promissory note, brought by appellant against appellee, alleging the insolvency of the car company, a corporation, and praying, *inter alia,* for the appointment of a receiver. After the appointment of a receiver, the New Albany Forge and Rolling Mill, another corporation and general creditor, appeared in court "for the first time and presented a petition asking to be made a party plaintiff in the case of *Voorhees* v. *Car Company,* to the end that it might take control of the administration of the receivership in behalf of itself and all the general creditors, supervise the administration of the receiver, review some of his acts and the acts of the court in carrying on the business before the date of filing such petition and bring divers suits against persons having transactions with the car company and the receiver, and for unpaid stock, statutory penalties, etc. Accompanying the petition was an omnibus complaint which was offered to be filed." The court held that the order of the superior court refusing to allow said petitioner to be made a party to the pending suit was a final disposition of the case made by his petition, and that he had the right to appeal therefrom.

The action before us was primarily for partition, but it is not necessary to decide whether the appeal is prematurely

taken, because for another reason appellant is not entitled to appeal. The record shows that demurrers to the answer and to the cross-complaint were sustained, and that appellant excepted to said rulings, and declined to plead further. It does not disclose that any judgment was rendered against appellant.

The appeal is dismissed, and the cause remanded with instructions to the court below to receive the report of the commissioners, or if any of those appointed can not act, to appoint others, and for further proceedings not inconsistent with this opinion.