KNERR, ADMINISTRATOR, ET AL. *v.* McDONALD, ADMINISTRATOR, ET AL.

[No. 4,271.    Filed March 17, 1903.]

APPEAL.—*Record.—No Final Judgment.— Dismissal.—* Where the record fails to show what disposition was made of a case by the trial court, the Appellate Court has no jurisdiction to determine the cause upon its merits, and it will be dismissed.

From Vanderburgh Circuit Court; *H. A. Mattison,* Judge.

Suit by James S. McDonald, administrator of the estate of Marshall Pruitt, against John W. Knerr, administrator *de bonis non* of the estate of Laura E. Bilderback, and others, to sell real estate. From a judgment for plaintiff defendants Knerr and others appeal. *Appeal dismissed.*

*J. G. Owen,* for appellants.

*W. W. Ireland* and *William Reister,* for appellees.

Roby, C. J.—Appellants, each being defendants in a proceding brought by James S. McDonald, administrator, filed separate cross-complaints, asking thereby to establish a vendor's lien against real estate. Appellees' separate demurrers for want of facts were sustained to each paragraph of said cross-complaint. Refusing to plead further, judgment was rendered against said cross-complainants for costs. The errors assigned, thirty in number, question this action of the court.

The cross-complaints were filed in a proceeding in which the record and briefs disclose that appellee McDonald, as administrator of the estate of Marshall Pruitt, deceased, petitioned to sell decedent's real estate for the payment of his debts. Appellants and the other appellees were made parties to that proceeding. Section 2491 Burns 1901 provides what such petition shall contain, and that "any persons claiming an interest in or lien upon any of the real estate" may be made defendants. Section 2501, *supra,* provides that upon the hearing of such petition, if it be shown that the real estate, or any portion thereof, is encumbered by liens, the court shall, in its findings, fix the amount and extent of each lien and the priorities of the several liens.

The administrator's petition and the proceedings thereon have not been made a part of the record of this appeal. The record does not show what disposition, if any, has been made of the case. Appellants each claim to have a vendor's lien against the decedent's real estate, and by their cross-complaint seek to have such lien declared, and the amount, extent, and priority thereof fixed. If a hearing has been had upon the petition, and the court has fixed the amount, extent, and priority of their liens, then appellants have not been injured by its ruling upon the demurrers to their cross-complaints. If a hearing has not been had upon the petition, then this appeal is prematurely taken. As the record does not show what disposition has been made of the case, this court has no jurisdiction to determine it upon

its merits, and the appeal should be dismissed. *Reese* v. *Beck*, 9 Ind. 238; *Maslen* v. *Indiana Car, etc., Co.*, 19 Ind. App. 633.

The appeal is dismissed.