## Ernest, Administratrix, v. Grand Trunk Western Railway Company.

[No. 5,303.   Filed January 10, 1905.]

1.   Appeal and Error.—*Final Judgment.*—*Dismissal.*—Where a demurrer was overruled to the first, third and fourth paragraphs of a complaint, and sustained as to the second, an appeal by plaintiff, assigning as error the sustaining of such demurrer, without the rendition of any judgment in such cause, will be dismissed.   p. 410.

From Porter Circuit Court; *Harry B. Tuthill,* Judge.

Action by Helen Ernest as administratrix of the estate of Wilber J. Ernest, deceased, against the Grand Trunk Western Railway Company.   From an order sustaining a

demurrer to plaintiff's second paragraph of complaint, plaintiff appeals. *Dismissed.*

*Nelson J. Bozarth* and *Charles G. Bozarth,* for appellant. *Johnston, Bartholomew & Bartholomew,* for appellee.

ROBINSON, P. J.—Transferred from the Supreme Court under the act of March 12, 1901.

1.   To the first, third, fourth and fifth paragraphs of appellant's complaint a separate demurrer was overruled, and to the second paragraph, was sustained. An exception was reserved by appellant. The only error assigned is sustaining this demurrer. The final entry is the ruling on the demurrer. The record does not disclose that further proceedings of any kind were had in the trial court. The error assigned presents no question, for the reason that the record does not show that final judgment was rendered (§644 Burns 1901, §632 R. S. 1881), and the ruling questioned is not within the exceptions to the general statute authorizing appeals (§658 Burns 1901, §646 R. S. 1881). Sustaining a demurrer to a complaint is not a final judgment from which an appeal will lie. *Slagle* v. *Bodmer* (1877), 58 Ind. 465; *State, ex rel.,* v. *Herod* (1898), 21 Ind. App. 177, and cases cited; *James* v. *Lake Erie, etc., R. Co.* (1896), 144 Ind. 630, and cases cited; Ewbank's Manual, §82; Elliott, App. Proc., §81.

Appeal dismissed.