## O'Neill *v.* Johnson.

### [No. 21,912.    Filed June 1, 1911.]

1. Appeal.—*Jurisdiction.—Final Judgment.*—No appeal lies from a ruling sustaining a demurrer to a complaint, nor from any but final judgments unless expressly so provided by statute.  p. 706.
2. Appeal. — *Jurisdiction. — Judgment.—Sustaining Demurrer to Complaint.*—A judgment in form: "The demurrer to the amended complaint is now sustained by the court, to which ruling of the court the plaintiff excepts," and that "it is therefore considered and adjudged by the court that the defendant recover of the plaintiff his costs," is not final, and no appeal lies therefrom. p. 706.
3. Appeal.—*Jurisdiction.—Dismissal.*—An appeal taken from an order sustaining a demurrer to a complaint will be dismissed since such order does not constitute a final judgment.  p. 707.

From Saint Joseph Circuit Court; *William A. Funk*, Judge.

Action by Sarah O'Neill against Harry D. Johnson.  From a judgment for defendant, plaintiff appeals. (Transferred

from the Appellate Court under §1405 Burns 1908, Acts 1901 p. 590.)   *Appeal dismissed.*

*Charles F. Holler,* for appellant.
*George Ford,* for appellee.

MONKS, J.—Appellant brought this action against appellee to recover damages for personal injuries alleged to have been caused by the negligence of appellee. A demurrer to the amended complaint for want of facts was sustained by the court.

The only error assigned in this court calls in question the action of the court in sustaining said demurrer.

Appellee has filed a motion to dismiss this appeal, for the reason that it does not appear from the record that final judgment has been rendered.

It is settled that sustaining a demurrer to a complaint is not a final judgment from which an appeal will lie, and that appeals lie from final judgments only, except as other-

1.   wise provided by statute. *James* v. *Lake Erie, etc., R. Co.* (1896), 144 Ind. 630, and cases cited; *Ernest* v. *Grand Trunk, etc., R. Co.* (1905), 34 Ind. App. 409, and cases cited.

The final entry of the proceedings of the court below, as shown by the transcript, is as follows: "Now again come the parties by counsel, and the demurrer to the amended

2.   complaint is now sustained by the court, to which ruling of the court plaintiff excepts, and sixty days' time is allowed plaintiff in which to prepare and file her bill of exceptions herein. It is therefore considered and adjudged by the court that defendant recover of plaintiff his costs herein laid out and expended, taxed at $_____."

There is nothing in the entry to show that appellant "failed and refused to plead further," or that she otherwise elected to stand upon the sufficiency of her complaint, and that appellee recovered all the costs made in the action, as in the case of *State, ex rel.,* v. *Lung* (1907), 168 Ind. 553, or *Kelley* v. *Augsperger* (1908), 171 Ind. 155,

As the transcript does not show that a final judgment was rendered, the appeal was prematurely taken. Appellee's motion to dismiss the appeal is therefore sustained, and the appeal is dismissed.