# KURTZ *v.* PHILLIPS.

[No. 9,622. Filed October 27, 1916.]

1. APPEAL.—*Right of Appeal.—Statute.*—Independent of statute, the right of appeal does not exist. p. 81.

2. APPEAL.—*Decisions Appealable.—Ruling on Motion to Set Aside Default.*—Where judgment was taken against defendant by default, and, after the expiration of the term, she filed a motion, under §405 Burns 1914, §396 R. S. 1881, to set aside the default and judgment on the ground of inadvertence, mistake and excusable neglect, and such motion was overruled, but no final judgment was rendered against defendant, the ruling of the court on the motion did not constitute a final judgment from which an appeal would lie under §671 Burns 1914, §632 R. S. 1881, relating to appeals from final judgments. p. 81.

3. JUDGMENT.—*Motion to Set Aside Default.—Pleadings.—Complaint.—Demurrer.*—While an action seeking to set aside a judg-

ment by default on the ground of inadvertence, mistake and excusable neglect should be determined in a summary manner and no pleadings are contemplated other than the complaint or motion, yet such complaint or motion may be tested by demurrer. p. 83.

4. APPEAL.—*Decisions Appealable.—Sustaining Demurrer.*—A ruling sustaining a demurrer to a complaint seeking to set aside a judgment under §405 Burns 1914, §396 R. S. 1881, is not appealable, in the absence of a judgment against the party against whom the ruling is made, since it is not a final judgment within the meaning of §671 Burns 1914, §632 R. S. 1881, relating to appeals from final judgments. p. 83.

5. APPEAL.—*Review.—Record.—Failure to Include Evidence.*—In an action to set aside a judgment under §405 Burns 1914, §396 R. S. 1881, where it appeared from the record that the motion was not denied until after the court had heard the evidence, which was not made part of the record on appeal by a bill of exceptions or otherwise, no question on the order of the court is presented for review on appeal, even though appellant, who made the motion, asserted that the facts set up in her motion were not denied, and that the case was submitted on such verified motion alone. p. 85.

From Lake Superior Court; *Walter T. Hardy,* Judge.

Action by John B. Phillips against Flora Kurtz. Judgment for plaintiff by default and from an order overruling a motion to set aside the judgment, the defendant appeals. *Appeal dismissed.*

*Ora L. Wildermuth,* for appellant.

*E. G. Sproat* and *Crumpacker & Crumpacker,* for appellee.

HOTTEL, P. J.—The appellee brought suit in the trial court on a note secured by chattel mortgage. Appellant was defaulted and a judgment rendered against her for $115, for $30 attorney's fees, and for costs. A foreclosure of the mortgage, and the sale of the mortgaged chattels were also ordered and decreed. At the following term, appellant filed her motion under §405 Burns 1914, §396 R. S. 1881, to set aside the default and judgment, on the ground of "inadvertence, surprise and excusable neglect" of appellant and her attorneys as therein set forth. This motion was overruled, and from the ruling thereon this appeal is prosecuted.

Appellee has filed a motion to dismiss the appeal on the grounds: (1) That the marginal notes required by the rules of the court do not appear on the transcript; (2) because the attempted appeal is from a ruling of the trial court, and not from a final judgment.

Since the filing of said motion, appellant has filed her written petition, asking to be permitted to place upon the transcript the necessary marginal notes. It will be useless to grant this request, if, because of the other ground of appellee's motion or for any other reason, the appeal must be dismissed.

We will therefore first consider and determine whether the appeal is one which the law authorizes. Independent of statute, the right of appeal does not exist. It is not claimed by appellant that the ruling appealed from is an interlocutory order from which an appeal is authorized by clauses 15 to 18 inclusive of §1392 Burns 1914, Acts 1907 p. 238, but it is, in effect, conceded, and properly so, that unless the appeal is authorized by the general section, §671 Burns 1914, §632 R. S. 1881, the right thereto does not exist. That part of this section upon which appellant must base her right to appeal provides as follows: "Appeals may be taken from circuit courts and superior courts to the supreme court by either party *from all final judgments.*" (Our italics.)

The transcript of the record in this case, after setting out appellant's petition or motion to set aside the default and judgment, shows that afterwards, to wit, on April 21, 1916, the following further proceedings were had and entered of record, to wit: "Come now the parties hereto and this cause is now submitted to the court on the motion to set aside the default and judgment taken herein on December 13, 1915. *And the court having heard all the evidence* and argument of counsel now takes the same under advisement until next Monday morning April 24, 1916." (Our italics.) Then follows the record entry of April 24,

overruling said motion, which entry omitting caption is as follows: ''Come again the parties hereto, and the court now being fully advised in the premises, overrules defendant's motion to set aside the default and judgment herein, to which ruling of the court the defendant now duly excepts and prays an appeal to the Appellate Court of Indiana, which appeal is by the court granted upon the filing by the defendant of a bond in the sum of Three Hundred ($300.00) Dollars within thirty days from this date.'' This entry shows no final judgment, but nothing more than the ruling on the motion to set aside the default, and the exception to such ruling, a prayer for appeal therefrom, the granting of the appeal, and the fixing of the bond. No judgment of any kind is rendered against appellant.

It seems to be appellant's contention that an appeal will lie from an order overruling a motion to set aside a default and vacate a judgment when such judgment itself was final. In support of this contention appellant cites the following Indiana cases: *Beatty* v. *O'Connor* (1886), 106 Ind. 81, 5 N. E. 880; *Frost* v. *Dodge* (1860), 15 Ind. 139; *Hays* v. *Bank* (1863), 21 Ind. 154; *Western Union Tel. Co.* v. *Griffin* (1890), 1 Ind. App. 46, 27 N. E. 113; *Goldsberry* v. *Carter* (1867), 28 Ind. 59; *Sloan* v. *Faurqt* (1894), 11 Ind. App. 689, 39 N. E. 539.

The question here involved was not presented or decided in any of these cases. In the first case, *supra*, the language of the opinion indicates that there was a final judgment, and in the other cases the motion to set aside the default and vacate the judgment was made at the same term of court that such judgment was rendered, and hence, while the original action was *in fieri*. The court, in such a case, would still have jurisdiction of the original action, and independent of §405 Burns 1914, *supra*, it would be within the sound discretion of the court to set aside the default and vacate the judgment on a proper application and showing. *Masten* v. *Indiana Car, etc., Co.* (1900), 25 Ind. App. 175, 57 N. E.

148; *Domestic Block Coal Co.* v. *Holden* (1914), 56 Ind. App. 634, 640, 103 N. E. 73, and cases there cited.

And on appeal *from the judgment taken by default,* we think the ruling on such motion might be properly treated as a step in, and a part of, the proceedings of such original action, and hence be considered and passed upon by the appellate tribunal where presented by a proper assignment of error. Such is the effect of some of the cases, *supra.* They recognize the right of appeal from a judgment by default and also recognize that in such an appeal the ruling on the motion to set aside the default and vacate such judgment when made at the same term may be reviewed when properly assigned as error and presented to the appellate tribunal.

In the instant case, as we have already indicated, appellant's motion was made after the term at which the judgment by default was taken, and was based on §405 Burns 1914, *supra,* which requires that the court *shall* relieve a party from a judgment taken against him through his mistake, inadvertence, surprise or excusable neglect  *  *  * *on complaint or motion filed within two years."* This section gives an independent right or remedy, and when one seeks its benefit, after the court rendering the judgment sought to be vacated has lost jurisdiction of the original action, there must then be a final judgment in such new proceeding before an appeal will lie. While the action should be determined in a summary manner and no pleadings are contem-

3.  plated other than the complaint or motion, yet both the Supreme Court and this court have held that such complaint or motion may be tested by demurrer. *Masten* v. *Indiana Car, etc., Co. supra,* p. 127; *Taylor* v. *Watkins* (1878), 62 Ind. 511; *Thompson* v. *Harlow* (1897), 150 Ind. 450, 50 N. E. 474; *Durre* v. *Brown* (1893), 7 Ind. App. 127, 34 N. E. 577. If there had been a demurrer filed to this complaint and the demurrer thereto sustained, ap-

4.  pellant could not have appealed from the ruling on such demurrer, as it has been frequently held that

such a ruling, in the absence of a judgment against the party against whom the ruling is made, is not a final judgment within the meaning of §671 Burns 1914, *supra*. *Hollingsworth* v. *Hollingsworth* (1902), 29 Ind. App. 556, 64 N. E. 900; *James* v. *Lake Erie, etc., R. Co.* (1896), 144 Ind. 630, 43 N. E. 876; *State, ex rel.* v. *Lung* (1907), 168 Ind. 553, 80 N. E. 541. As indicating what are final judgments within the meaning of the said section of the statute, see, also, *Mak-Saw-Ba Club* v. *Coffin* (1907), 169 Ind. 204, 82 N. E. 461; *Gray* v. *Singer* (1894), 137 Ind. 257, 36 N. E. 209, 1109; *Jeffersonville* v. *Tomlin* (1893), 7 Ind. App. 681, 35 N. E. 29; *Nisius* v. *Chapman* (1912), 178 Ind. 494, 99 N. E. 785; Elliott, App. Proc. §§82-96, 334, and cases cited thereunder; Ewbank's Manual §82 and authorities cited.

In the case of *Mak-Saw-Ba Club* v. *Coffin, supra,* the court said: "It was decided in *Tatem & Canby* v. *Gilpin* (1816), 1 Del. Ch. 13, that an order made upon a point whereby a right was established was not appealable where it was only preparatory to a final order. We may here observe that Judge Freeman, in attempting to classify the orders which may be mistaken for final judgments or decrees, mentions, as belonging to one of such classes, orders, 'which, while they determine the rights of the parties either in respect to the whole controversy or some branch of it, merely ascertain and settle something without which the court could not proceed to a final adjudication, and the settlement of which is obviously but preliminary to a final judgment or decree.' 1 Freeman, Judgments (4th ed.), §29.'' Assuming that this case was submitted on the showing made by the complaint alone, it seems to us that the ruling would not be essentially or substantially different from that on a demurrer to the complaint, or a demurrer to the evidence, and in either case the ruling on such a demurrer is not a final judgment from which an appeal will lie. In addition to the cases cited above, see,

*Thomas, Admr.,* v. *Chicago, etc., R. Co.* (1894), 139 Ind. 462, 39 N. E. 44.

It has also been expressly held that a ruling *sustaining* a motion like that here involved is not a final judgment from which an appeal will lie. *Branham* v. *Fort Wayne, etc., R. Co.* (1856), 7 Ind. 524, 525; *Masten* v. *Indiana Car, etc., Co.* (1897), 19 Ind. App. 633, 49 N. E. 981. The reverse of this proposition would seem to follow necessarily.

However, there is another reason why this appeal should be dismissed. It will appear from the record indicated, *supra,* that this motion was not ruled on until after the court had heard the evidence. Appellant states in his brief, in effect, that the facts set up in the application were not denied, and that the case was submitted on such sworn application alone. This may be true, but the record does not so show. The evidence is not in the record by bill of exceptions or otherwise. There is nothing in the record by bill of exceptions or otherwise, to show upon what evidence the court based the ruling complained of. So far as the record discloses, the court may have treated the facts stated in the application or motion as sufficient to entitle the appellant to the relief asked but, on hearing the evidence, found that the facts were not correctly stated therein. As the record comes to us, no question is presented by the appeal.

For each of the reasons indicated the appeal should be and is dismissed.

NOTE.—Reported in 113 N. E. 1016. See under (1) 2 Cyc 517; 3 C. J. 316; (5) 3 Cyc 174; 4 C. J. 550.