HUGHES, ADMINISTRATOR, *v.* PATTON, AUDITOR.

[No. 9,773.   Filed November 29, 1916.   Rehearing denied March 30, 1917.   Transfer denied May 5, 1918.]

APPEAL.—*Decisions   Reviewable.* — *"Final   Judgment." — Executors and Administrators.*—An order by the court that an administrator of an estate be not discharged, that the final report be not approved, and that the county auditor prosecute a claim for omitted taxes on the personal estate as described in the exceptions to the final report filed by such auditor, is not a "final judgment" from which an appeal will lie within the meaning of §671 Burns 1914, §632 R. S. 1881.

From Marion Probate Court (9,757); *Mahlon E. Bash,* Judge.

Charles F. Hughes filed final report as administrator, to which William T. Patton, auditor of Marion county, filed objections. From an order denying approval of the report, the administrator appeals. *Appeal dismissed.*

*Bachelder & Bachelder,* for appellant.
*Frank T. Brown* and *Joseph W. Hutchinson,* for appellee.

Hottel, J.—On January 12, 1914, Charles F. Hughes, administrator *de bonis non,* of the estate of Lovina Streight, deceased, filed his final report, in which he showed a total of receipts and disbursements, leaving a balance of $19,017.16, of which amount he represented that $5,705.14 should be paid to certain attorneys named, and the balance distributed among certain named heirs, in the amounts therein set out. On February 7, 1914, William T. Patton, auditor of Marion county, filed objection to this report, in which he alleged that "said estate is indebted to the State of Indiana, county of Marion, city of Indianapolis, and Center township for omitted taxes which said Lovina Streight omitted and failed to return on her schedule of taxes to the township assessor or the proper authorities as follows." Here follows certain notes owned by deceased which she had omitted from her schedule of taxes. Notice to the administrator of such omission, and his failure to appear before such auditor, is alleged, with a statement that such auditor is credibly informed and believes that said estate owes taxes amounting to $1,181.69, and a prayer that the court withhold the

approval of said report until steps could be effected whereby such taxes could be collected off of said estate.

Thereupon, to wit, on February 13, 1914, the administrator filed a report, showing a distribution of the balance in his hands to the persons shown in his first report to be entitled thereto, accompanied by the receipts of such distributees. On March 27, such administrator filed a demurrer to said exceptions to his report, which was overruled. On April 7, 1914, said matter was submitted to the court for trial, with a request by said administrator for a special finding of facts and conclusions of law.

In its finding, the court found the condition of the estate to be substantially as set out in the administrator's report, and also found that the deceased omitted from her schedule of taxes in the years named the notes set out in the exceptions to said report, and that their amount in value had not been placed on the tax duplicates of Marion county as omitted property of the deceased, and that the final report of said administrator had never been approved. Upon this finding the court stated, as a conclusion of law, that said final report should not be approved nor the administrator discharged, that the estate should be kept open, and said auditor be permitted to prosecute said claim for taxes.

Upon such finding and conclusion of law the court entered the following order, viz.: "It is thereupon adjudged and decreed by the court that the report in final settlement of said estate filed by the administrator, *de bonis non,* be not approved and that said administrator be not discharged, and that William T. Patton, auditor of Marion county, Indiana, prosecute

the claim for taxes on the personal estate described in the exceptions to report in final settlement.''

From this order this appeal is prosecuted. The order indicated is not a final judgment from which an appeal will lie within the meaning of §671 Burns 1914, §632 R. S. 1881, as construed by the Supreme Court and this court. *Pfeiffer* v. *Crane, Gdn.* (1883), 89 Ind. 485; *Thiebaud* v. *Dufour* (1877), 57 Ind. 598; *Wood* v. *Wood* (1875), 51 Ind. 141; *Goodwin* v. *Goodwin, Exr.* (1874), 48 Ind. 584; *Angevine, Admr.,* v. *Ward, Gdn.* (1879), 66 Ind. 460; *Leach* v. *Webb* (1916), 62 Ind. App. 693, 113 N. E. 311; *Mak-Saw-Ba Club* v. *Coffin* (1907), 169 Ind. 204, 210, 213, 82 N. E. 461, and cases there cited.

The appeal is therefore dismissed.

## On Petition for Rehearing.

Hottel, J.—In a petition for rehearing in this case the appellant insists that this court erred in its opinion dismissing the appeal, and the grounds upon which he predicates error as stated in his petition are substantially the same as those indicated and disposed of in an opinion by this court on rehearing in the case of *Stout* v. *Stout, Admr.* (1918), 68 Ind. App. 278, 114 N. E. 473, 115 N. E. 594.

For the reasons indicated in that opinion, the petition for rehearing in this case is overruled.

Note.—Reported in 114 N. E. 224, 115 N. E. 596.