INDIANA STATE BOARD OF DENTAL EXAMINERS *v.* FETROW.

[No. 9,978. Filed June 27, 1918.]

1. APPEAL.—*Time for Perfecting.—Motion to Set Aside Default.—Effect.*—A motion to set aside a default judgment does not have the effect of extending the time for taking an appeal. p. 191.
2. APPEAL.—*Decisions Appealable.—Motion to Set Aside Default*

*Judgment.*—An appeal will not lie from the ruling on a motion to set aside a default. p. 191.

From Miami Circuit Court; *Charles A. Cole,* Judge.

Proceedings by Samuel W. Fetrow before the Indiana State Board of Dental Examiners. From a finding denying him a certificate entitling him to practice dentistry, Fetrow appealed to the circuit court. From a judgment in his favor, the board appeals. *Affirmed.*

*E. B. Stotsenberg* and *Ele Stansbury,* Attorneys-General, *H. C. Phelps, Fred B. Johnson, Albert H. Cole, Elmer E. Hastings, Dale F. Stansbury* and *L. O. Arnold,* for appellant.

*Tillett & Lawrence,* for appellee.

IBACH, J.—On December 11, 1914, appellee, being a resident of Miami county, filed his appeal in the circuit court of that county under §6106 Burns 1914, Acts 1913 p. 340, §3, asking that the appellant board be required to show cause why a certificate entitling him to practice dentistry in this state should not be issued.

The record disclosed that a purported notice of such appeal was issued to the sheriff of Monroe county, Indiana, directing him to serve the same upon Fred J. Prow, secretary and treasurer of the appellant board, which was done, as shown by the return of such sheriff on December 16, 1914. On January 16, 1915, appellant board was defaulted and a decree rendered directing the clerk of the court to issue to appellee a license to practice dentistry in this state upon the payment of the requisite fee. On February 8, 1915, at the same term of court, appellant, represented by the Attorney-General, filed its motion, together with his affidavit in support of the same,

Indiana State Board, etc. *v.* Fetrow—68 Ind. App. 189.

praying that the default and judgment be set aside. This motion was overruled and an exception saved.

It is clearly apparent from the record that this is an attempted appeal from the ruling of the court in overruling the motion to set aside the default.

Appellee has filed a motion to dismiss the appeal upon the ground that the order appealed from is not a final judgment, and that there is no attempt to appeal from the judgment on default. Furthermore, that if it is an attempted appeal from the judgment on default, it is not brought within time. *Kurtz* v. *Phillips* (1916), 63 Ind. App. 79, 113 N. E. 1016.

It appears from the record that while the motion to set aside the judgment by default was filed at the term at which the judgment was rendered, such motion was not ruled on until October 4, 1915, and more than 180 days after the judgment on default was rendered. A motion to set aside a default, unlike a motion for a new trial, does not have the effect of extending the time for the taking of an appeal. *Thomas* v. *Thomas* (1916), 61 Ind. App. 101, 110 N. E. 573, and cases cited; *Treloar* v. *Harris* (1917), 65 Ind. App. 22, 116 N. E. 590. It necessarily follows that an attempted appeal from the judgment on default would be without force, and, as under the case of *Kurtz* v. *Phillips, supra,* an appeal will not lie from the ruling on the motion to set aside a default, the questions sought to be presented cannot be considered. Appeal dismissed. Dausman, J. dissenting.

NOTE.—Reported in 119 N. E. 1004.