TAYLOR WASHING MACHINE COMPANY *v.* LAMERE.

[No. 14,897.   Filed May 19, 1933.]

*Albert E. Griffiths,* for appellant.

*Tinkham & Galvin,* for appellee.

CURTIS, C. J.—The appellant brought this action against the appellee upon a complaint in four paragraphs. The first paragraph was upon an account stated, the second upon open account, the third upon an alleged oral agreement of the parties concerning some advertising matter alleged to have been furnished to the appellee by the appellant, and the fourth upon a promissory note.

The appellee filed a demurrer to the fourth paragraph of the complaint upon the ground that said paragraph failed to state facts sufficient to constitute a cause of action. The memorandum filed with the demurrer asserted that said note showed upon its face that it was a cognovit note and void under the law of this state. This demurrer was sustained by the court to which ruling the appellant excepted. The appellee then filed

four paragraphs of answer to the appellant's complaint, the first being a general denial. The appellant filed a reply in general denial to the said second, third and fourth paragraphs of said answer.

Upon the issues thus tendered the cause was submitted to a jury who returned the following verdict: "We the jury find for the defendant." There was a motion of the appellee for judgment on the verdict which was sustained, whereupon the court entered judgment in accordance therewith in favor of the appellee. A motion for a new trial was filed and overruled and this appeal prayed and granted.

The appellant has assigned two errors as follows: (1) That the court erred in sustaining appellee's demurrer to the fourth paragraph of appellant's complaint; (2) that the court erred in overruling appellant's motion for a new trial.

On account of the conclusion we have reached it is not necessary to set out herein the causes stated in the motion for a new trial.

The appellee has appeared specially and filed a verified motion to dismiss this appeal, setting forth four reasons, only two of which need to be considered. They are: (1) "The record shows on its face that no final judgment nor any appealable order was entered by the trial court upon its sustaining the appellee's demurrer to the appellant's fourth paragraph of complaint. On page 16 of the Record, lines 6 to 8, we find the following entry:

"'And which demurrer is now sustained by the court, to which ruling of the court plaintiff excepts.'

"There is no further reference at any place in the record to the Court's action on sustaining this demurrer. It nowhere appears that appellant filed an amended complaint nor that it refused to plead further and that

thereupon judgment was rendered on the fourth paragraph of complaint. By reason thereof the record fails to show any final judgment on the fourth paragraph of complaint, nor does it show any appealable order was entered by the trial court with reference to this particular paragraph of complaint. The only judgment rendered in this cause was that judgment appearing on page 60 of the Record, lines 19 to 25, which was rendered upon the verdict of the jury, and based upon the first three paragraphs of the complaint.

"(2) The record shows on its face that the appellant failed to except to the action of the court in overruling its motion for a new trial of this cause."

The facts as to what the record shows as stated in the said two reasons for dismissal are not disputed by the appellant by any counter showing. Indeed we have examined the record and it fully bears out the statements made in the motion to dismiss.

The verdict of the jury, under the court's instructions, was returned upon the first three paragraphs of the complaint only and they were instructed that a demurrer had been sustained to the fourth paragraph of the complaint, and that said fourth paragraph was not submitted to them for their consideration. The judgment of the court was upon the general verdict and in accordance with the provisions of Section 615 of Burns R. S. 1926, which is as follows: "When a trial by jury has been had, and a general verdict rendered, the judgment must be in conformity to the verdict." In Ewbank's Manual of Practice, Second Edition, §220, we find the following:

"Where a party wishes to present for review on appeal the correctness of a ruling on a demurrer, or other order which determines a material question against him, he must make sure that the court goes further and renders a final judgment against him, and that such judgment is duly entered by the

clerk on the order book before he takes an appeal. If he fails to do this, or fails to cause his transcript to show that a final judgment or an appealable order was entered by the trial court, his appeal will certainly be dismissed without consideration."

Insofar as it is applicable to the facts of the instant case the above text is supported by the decisions. See *James* v. *Lake Erie & Western Railway Company* (1896), 144 Ind. 630, 43 N. E. 876; *O'Neill* v. *Johnson* (1911), 175 Ind. 705, 95 N. E. 229; *Ernest, Administratrix* v. *Grand Trunk Western Railway Company* (1905), 34 Ind. App. 409, 72 N. E. 1136.

It is our opinion that no question is presented as to the ruling on the demurrer in the instant case. There was neither any final judgment entered on said fourth paragraph of the complaint, nor was there any appealable order entered thereon.

It is clear upon the face of the record in the instant case that the appellant reserved no exception to the ruling of the trial court upon its motion for a new trial, and it is equally clear that for that reason no question is presented for our determination which depends upon the said motion. See *Fletcher et al.* v. *Waring et al.* (1894), 137 Ind. 159, 36 N. E. 896; *Barrows* v. *State* (1903), 161 Ind. 585, 69 N. E. 253; *Henley et al.* v. *McNoun et al.* (1881), 76 Ind. 380.

For the above reasons the motion of the appellee to dismiss this appeal is sustained and the appeal dismissed.