HINES, ADMINISTRATOR *v.* TRINKLE, GUARDIAN.

[No. 15,229. Filed March 10, 1936.]

*George R. Brown, Jr.,* and *J. H. Payne,* for appellant.

*Connor D. Ross,* and *Tucker & Tucker,* for appellee.

WIECKING, J.—This is an attempted appeal from an order of the Orange Circuit Court overruling exceptions to a guardian's current report.

There does not appear to be a proper assignment of error in this matter but conceding that the assignment of error was proper, still the appeal must be dismissed. The judgment appealed from is not 'a final judgment within the meaning of sec. 2-3201, Burns Indiana Statutes Annotated 1933. *Pfeiffer* v. *Crane, Guardian* (1883), 89 Ind. 485; *Stout* v. *Stout, Admr.* (1918), 68 Ind. App. 278, 114 N. E. 473; *Hughes, Admr.* v. *Patton, Auditor* (1918), 67 Ind. App. 654, 114 N. E. 224. Upon a final settlement of a guardian, all previous or current reports are subject to review and correction. *Duckworth, Guardian* v. *Kirby* (1894), 10 Ind. App. 139, 37 N. E. 729. It is apparent from the

record that something remains to be done by the guardian in the instant case inasmuch as the report filed by the guardian was a current report and not in final settlement. *Pfeiffer* v. *Crane, Guardian, supra.*

Having determined that the order complained of is not a final judgment, an appeal will only lie if it comes within the class of orders appealable as interlocutory orders. An examination of the statute readily discloses that the order attempted to be appealed from does not come within any of the appeals granted by statute from interlocutory orders. Sec. 2-3218, Burns Indiana Statutes Annotated 1933. *Stout* v. *Stout, Admr., supra; Pfeiffer* v. *Crane, Guardian, supra.*

Appeal dismissed.