HELM ET AL. *v.* TOPF, ADMINISTRATOR.

[No. 15,756. Filed November 18, 1936.]

*Oscar Birch,* for appellees.

*Hatfield & Hatfield, William Espenscheid* and *W. S. Hatfield,* for appellee.

KIME, C. J.—Isadora T. Canida, administratrix with the will annexed of the estate of Herman Topf, deceased, filed her final report in said estate as such administratrix and notice of the filing thereof was served personally upon the administrator of the estate of Wilhelmina Topf, deceased (wife of Herman Topf, deceased) and also upon each of the appellants, advising them of the date set for the hearing of the report. The report contained the statement that "the claims of Ed-

ward Helm and Frank Helm, respectively, are pending against said estate undisposed of, but she says that she is informed and so believes that said claims and each of them will be dismissed by said claimants and each of them, and will not be prosecuted against said estate." Since the filing of said report the said administratrix has died and Oscar H. Topf was duly appointed, qualified and is acting as such administrator of the estate of Herman Topf, deceased, and in such capacity is appellee here.

Frank Helm and Edward Helm filed their amended objections and exceptions to said final report. After hearing the evidence the court overruled such objections and exceptions and the *nunc pro tunc* judgment, in part, is as follows: "It is, therefore, considered and ordered by the court that the amended exceptions of said Frank Helm and Edward Helm heretofore filed in this cause to the final report of said administratrix be and the same are hereby overruled, to which ruling of the court the objectors and exceptors, Frank Helm and Edward Helm, each separately and severally excepts.

"And the said hearing on said final report is continued until the claims of Frank Helm and Edward Helm, respectively, against said estate, are finally adjudicated or otherwise finally disposed of, to which ruling and action of the court the said Frank Helm and Edward Helm each separately and severally excepts. . . ."

Defendants filed their separate motion for new trial on the grounds that the finding or decision of the court is not sustained by sufficient evidence and is contrary to law. These motions were overruled and this appeal followed. The error assigned is the overruling of the separate motions for new trial.

Appellee appears specially and asks that this cause be dismissed for various reasons, none of which need be

discussed here as we find that this appeal is predicated on an interlocutory order.

For the purpose of this opinion it is sufficient to say that the judgment of the court was in effect a finding that the final report as filed was correct, except that it could not be approved at that time and the hearing on the final report was continued until the claims of appellants were finally adjudicated or otherwise disposed of. It can readily be seen that this is not a final judgment within the meaning of our statutes authorizing appeals. §2-3201, Burns 1933, being §1102, Baldwin's 1934, Acts 1881 (Spec. Sess.) ch. 38, §628, p. 240; *Stout* v. *Stout, Admr.* (1918), 68 Ind. App. 278, 114 N. E. 473, and cases there cited; *Hughes* v. *Patton* (1918), 67 Ind. App. 654, 114 N. E. 224, 115 N. E. 596. Nor is it such an interlocutory order from which an appeal is authorized by §4-214, Burns 1933, §1356, Baldwin's 1934, and Acts 1925, ch. 201, §1, p. 487. See also §2-3218, Burns 1933, §490, Baldwin's 1934, Acts 1921, ch. 251, §1, p. 741.

This appeal is therefore dismissed.