GREENWOOD ET AL. *v.* CITIZENS LOAN AND TRUST COMPANY, TRUSTEE.

[No. 15,441. Filed November 4, 1937.]

*Merle N. A. Walker* and *Victor R. Jose,* for appellants.

*Padgett & Padgett,* for appellees.

DUDINE, J.—William F. McDougal (now deceased) by his last will and testament bequeathed "one-third in value" of all his property to his daughter Daisy Mc-Dougal, "for and during her natural life and under the following conditions and restrictions, viz—The said one third interest in value shall be set off to my said daughter, Daisy McDougal, in money, stocks and bonds; then the same shall be turned over to the Citizens Loan and Trust Company of Washington, Indiana (appellee) as trustee, to be held in trust for my said daughter and the net proceeds from the income, interest and dividends thereon shall be paid to her semi-annually, and at her death the property remaining in said trust fund I give, bequeath and will to the said Lyle Greenwood, Hazel Greenwood, Ehert E. Greenwood, . . . Anita Greenwood . . . and Minta B. Hammersly . . . (appellants) . . ."

Appellee accepted said trust, and accepted fifteen shares of stock in The Peoples National Bank at Washington, Indiana, at $200.00 per share as part of the property belonging to said trust.

On September 8, 1934, appellee as such trustee filed an accounting covering the period beginning December 10, 1918, and ending August 25, 1934. Appellants filed written objections to said report containing five specifications of objection. For the purpose of this appeal we are interested only in objections two and five.

Objection II was as follows:

"That said exceptors object and except to the several items for which the said trust company takes credit by way of premiums paid by it in the purchase of securities. That such purchases were made without the authority or order of the Court and without any sufficient order. The said trustee had no authority to pay or buy securities at a higher price than par of such securities and that said

items identified as premiums, aggregating in said report the sum of $706.42, is objected to for the reasons assigned herein."

Objection V was as follows:

"The said exceptors further object to the securities listed among the assets in the bank fund or corpus of the estate under Item 5 of exhibit G of its current report of September, 1934, described as FIFTEEN SHARES OF BANK STOCK OF $200.00 per SHARE IN THE PEOPLES NATIONAL BANK AT WASHINGTON, INDIANA.

"This stock carries double liability, all of which was known to the trustee, as the trustee, being a banking institution had knowledge of the affairs of the Peoples National Bank, and notwithstanding the provisions of the Statute as to converting securities not acceptable, under the law, into securities acceptable under the law the said trustee retained such securities in its possession and is now claiming credit for such securities at par when in truth and in fact such securities are not worth par and through the carelessness and negligence of the said Trustee have been retained in the trust after the said trustee knew that said stock was rapidly depreciating in value.

"That the said trustee should be required to account for the full value of such stock as of its original inventory and either replace such securities at the value of $3,000.00 with other securities within the class described by law or in cash."

The cause was submitted to the court for trial on said pleadings and the court having heard evidence found on October 13, 1934, as to objection II "That the said Trustee is entitled to credit for the premiums paid on bonds and securities purchased as alleged in this objection II in the sum of $706.42." As to objection V the court found "against the objectors and exceptors herein and in favor of the Trustee . . .". The court further found that the trustee should charge itself with a certain item, and credit itself with a certain item, and the court ap-

proved "said current and general report, except as modified by the court herein."

On October 25, 1934, appellants filed a motion for new trial which was overruled on the same date.

Appellants filed their assignment of errors and transcript in the office of the clerk of this court on February 4, 1935.

Appellee in its brief challenges the jurisdiction of this court to consider this appeal.

In oral argument appellants' counsel contended that the appeal had been perfected pursuant to the statute providing for appeals generally (Sec. 2-3201 Burns 1933, §471 Baldwin's 1934.) It is apparent that sec. 2-3219 Burns 1933, §491 Baldwin's 1934, governing appeals from interlocutory orders, *supra*, has not been complied with in as much as the transcript and assignment of errors were not filed "within thirty days."

Sec. 2-3201 Burns 1933 (§471 Baldwin's) *supra,* relied upon by appellant provides for appeals from "final judgments."

The order appealed from in the instant case is not a final and appealable judgment within the meaning of sec. 2-3201 Burns 1933 (§471 Baldwin's 1934). See *Angevine, Admr.* v. *Ward, Gdn.* (1879), 66 Ind. 460; *Pfeiffer et al.* v. *Crane, Gdn.* (1883), 89 Ind. 485; *Mak-Saw-Ba Club* v. *Coffin et al.* (1907), 169 Ind. 204, 82 N. E. 461; *Hines, Admr.* v. *Trinkle, Gdn.* (1935), 101 Ind. App. 579, 200 N. E. 432.

The appeal is therefore dismissed.