IN RE KAELIN'S ESTATE *v.* HALL.

[No. 15,733. Filed January 26, 1938.]

*Ernest E. Cummings,* for appellant.

*Walter F. Wood,* for appellee.

DUDINE, P. J.—Mary Kaelin, a resident of Sullivan County, Indiana, died intestate July 11, 1933, leaving as her sole surviving heirs at law Ella N. Baugh, Clara Hall, William Kaelin, Harry Kaelin and Carl Kaelin. On July 14, 1933, Frank Baugh, husband of said Ella N. Baugh, was appointed administrator of the estate by the Sullivan Circuit Court. On November 8, 1933, said Ella N. Baugh, a daughter of decedent, filed a claim against the estate for services allegedly rendered to decedent. The claim was transferred to the civil docket and thereafter, change of venue having been taken to

the Knox Circuit Court, the claim was allowed, and judgment was rendered in the sum of $1,500.00 by that court.

On November 26, 1934, appellant filed in the Sullivan Circuit Court a report in final settlement of the estate wherein he showed a payment of $1,500.00 to his wife in satisfaction of said claim, and asked that he be allowed credit therefor. On the same date said Clara Hall, another daughter of decedent, filed exceptions to said report, one specification of which excepted specifically to the allowance of any credit for payments made by the administrator to Ella N. Baugh in settlement of her said claim or judgment. Change of venue of this cause was taken to the Greene Circuit Court. Thereafter amended exceptions to said final report were filed, which amended exceptions specifically excepted to the allowance of any credit for payments made by the administrator to his wife in satisfaction of her said claim. The issues so presented were submitted to the court for trial without a jury. The court made a special finding of facts, stated conclusions of law, and rendered judgment, which insofar as it is pertinent to this appeal, is as follows:

"It is further ordered and decreed by the court that the credit claimed in said report for the sum of $1,500.00 paid to the said Ella N. Baugh is a lawful credit as to the sum of $525.00 and is erroneous as to the excess as between said administrator, and the heirs of said Mary Kaelin, deceased, except said Ella N. Baugh, and that the sum of $525.00 should be allowed as a credit and the amount in excess thereof should be disallowed as between said administrator and the heirs of said Mary Kaelin, deceased, other than the said Ella N. Baugh. It is further ordered and decreed by the court that said administrator file an amended report to conform to this judgment on or before March 1, 1936."

Errors assigned upon appeal are alleged error in each of two conclusions of law.

We are not authorized to determine the questions, if any, which are presented in this appeal because the judgment appealed from is not a' final judgment from which an appeal will lie within the meaning of Secs. 2-3201 or 6-2001 Burns 1933 (§§471, 3277 Baldwin's 1934). *Stout* v. *Stout, Admr.* (1918), 68 Ind. App. 278, 131 N. E. 235; *Hughes, Admr.* v. *Patton, Auditor* (1918), 67 Ind. App. 654, 115 N. E. 596. The record shows that this appeal was perfected as an appeal from a final order or decision and not as an appeal from an interlocutory order. (See Sec. 2-3218 Burns 1933, §490 Baldwin's 1934.)

The appeal is therefore dismissed.