## THOMAS v. O'CONNELL'S ESTATE.

[No. 16,883. Filed May 8, 1942.]

*Fraser & Isham,* of Fowler, for appellant.

*George W. Kassabaum* and *Charles S. Siferd,* both of Monticello, for appellee.

STEVENSON, J.—The appellant filed a claim against the appellee estate to recover $3,500.00, alleged to have been overpaid by the appellant on an obligation due and owing to William K. O'Connell during his lifetime.

To this claim, a demurrer was addressed, on the ground that said claim did not state facts sufficient to constitute a cause of action. In support of this demurrer, the appellee contends that whatever overpayment the appellant made was voluntary on his part, and cannot be recovered back. The court sustained this demurrer, and the appellant excepted to such ruling. The court made the following record of such proceedings:

"Come now the parties by their counsel heretofore appearing and now the Court hears argument on the defendant's demurrer to Plaintiff's third amended paragraph of complaint and at the conclusion of said argument, the Court now sustains said demurrer, to which ruling of the court, the plaintiff at the time, excepts.

"And now the plaintiff stands on the ruling so made by said Court and prays an appeal to the Appellate Court of Indiana, which prayer is now granted, conditioned upon the plaintiff filing his appeal bond in the penal sum of $200.00 with the United States Fidelity and Guaranty Company of

Baltimore, Maryland, as surety thereon, within thirty days from this date."

The appellant filed a bond as stipulated, and has taken the steps necessary to perfect this appeal.

It will be noted, however, that no judgment was entered by the court against the appellant in these proceedings. It follows, therefore, that there has been no final judgment in this cause from which an appeal can be taken.

It has been frequently announced in this State that a ruling of the court in sustaining or overruling a demurrer is not a final judgment. There must be a judgment of the court upon the refusal of the party to plead further before an appeal will lie. Watson's Works, Practice Vol. II, § 2243, p. 813.

As was said by this court, in the case of *Ernest* v. *Grand Trunk, etc., R. Co.* (1905), 34 Ind. App. 409, 410, 72 N. E. 1136.

"Sustaining a demurrer to a complaint is not a final judgment from which an appeal will lie."

Similar language is found in the case of *Kurtz* v. *Phillips* (1916), 63 Ind. App. 79, 83, 113 N. E. 1016, wherein this court said:

"If there had been a demurrer filed to this complaint and the demurrer thereto sustained, appellant could not have appealed from the ruling on such demurrer, as it has been frequently held that such a ruling, in the absence of a judgment against the party against whom the ruling is made, is not a final judgment within the meaning of § 671, Burns' 1914, *supra*."

This court has also held that this rule is applicable to matters connected with a decedent's estate, and the statute authorizing appeal by any person aggrieved by

any decision of the court in such matter has been interpreted to apply only to final judgments, or interlocutory orders from which an appeal will lie. *Stout* v. *Stout, Admr.* (1918), 68 Ind. App. 278, 131 N. E. 245.

The record must show a final disposition of the matter in controversy before an appeal can be taken. *Knerr* v. *McDonald* (1903), 30 Ind. App. 600, 66 N. E. 773; *Helm* v. *Topf, Admr.* (1936), 102 Ind. App. 638, 4 N. E. (2d) 591.

It follows, therefore, that this court is without jurisdition to entertain this appeal, and the same is accordingly dismissed.

Appeal dismissed.

NOTE.—Reported in 41 N. E. (2d) 656.