## CITY OF LAPORTE ET AL. *v.* SCOTT ET AL.

[No. 20,507. Filed February 14, 1906.]

1. **APPEAL AND ERROR.**—*Joint Exceptions.*—Where the trial court grants, over defendants' objection, a temporary restraining order, "to which the defendants except," such exception is joint. p. 79.

2. **PLEADING.**—*Demurrers.*—*Another Action Pending.*—*Plea in Abatement.*—Where the complaint shows that another action is pending between the parties, in this State, for the same cause, a demurrer will lie for such cause, but where the complaint does not show such facts, a plea in abatement must be filed in order to raise such question. p. 82.

3. **SAME.**—*Another Action Pending.*—*Purpose of Such Defense.* —The right to defend because of another action pending in this State for the same cause, is based upon the principle that where complete relief may be secured in a cause another action therefor is superfluous. p. 83.

4. **INJUNCTIONS.** — *Temporary.* — *When Granted.*—*Discretion of Trial Court.*—Where from the merits of a suit for injunction, to be gathered from the pleadings and affidavits on file, there appears on the whole a case proper for the investigation of the court, and a fair question is reserved for final hearing, a temporary restraining order, issued by the trial court, will not be set aside except for a clear abuse of discretion, the question as to who is entitled to final judgment not being involved. p. 83.

5. **SAME.**—*Temporary.*—*When Issued.*—A temporary restraining order should be issued only where there is an impending injury or an urgent necessity demanding the immediate issuance of the writ of injunction. p. 85.

From Laporte Circuit Court; *Walter A. Funk,* Judge.

Suit by Emmett Scott and others against the City of Laporte and another. From an interlocutory decree for plaintiffs, defendants appeal. *Affirmed.*

*L. Darrow* and *W. H. Worden,* for appellants.

*W. B. Biddle, Daniel Noyes* and *Osborn & McVey,* for appellees.

JORDAN, J.—This appeal is prosecuted by appellants to reverse an interlocutory order of the lower court granting a temporary injunction against the city of Laporte and the Laporte Water Supply Company. The order in question is as follows:

> "And the judge of this court, being duly advised in the premises, orders that the defendants, their officers, agents and servants, and each of them, be and are hereby severally restrained and enjoined—said city of Laporte, from paying money or issuing any of its evidences of indebtedness to said Laporte Water Supply Company and from paying directly or indirectly said bonds of said company, or any part thereof, or any interest thereon, and said company from making any demands upon said city for money and from receiving from, or presenting for payment to, said city, or negotiating any warrants of said city, and from paying or applying any money received by it upon said warrant issued March 28, May 9, May 31 and July 11, 1904, or either of them, upon said bonds or interest coupons—until the final hearing of this cause, or the further order of the court, to which the defendants except."

It will be noted that to this order appellants reserved only a joint and general exception. No motion was made to set aside or modify the order. In this appeal each appellant has separately assigned errors, and a question is raised by appellees in respect to the proper procedure in the case. We pass this point without consideration. The petition, or complaint, in this cause in

part sets out substantially the facts involved in the case of *Scott* v. *City of Laporte* (1904), 162 Ind. 34, in which the parties were identically the same as in this cause. The former case was decided by this court on an appeal from the Laporte Circuit Court on October 8, 1903, and the judgment of the lower court was reversed and the cause remanded, with directions for a new trial, and the action is still pending in the lower court.

The portion of the complaint in the case at bar which sets out facts involved in the former appeal discloses, among other things, the issuing of the bonds of the Laporte Water Supply Company to the amount of $65,000, in pursuance of an ordinance passed by the city of Laporte on August 7, 1899, the payment of which, as alleged, was guaranteed by said city. The former action was commenced on August 26, 1899, and during the pendency thereof in the lower court, and in the Supreme Court on appeal, the defendants proceeded with the construction of the water plant, and the city made payments on said bonds and the accrued interest thereon to the amount of $22,775, leaving outstanding at the time said judgment was reversed $53,000. The complaint then alleges that after the decision of the cause in the Supreme Court the defendants (appellants herein) advanced or set up the claim that they had a right to enter into a new contract under which the city could pay the water supply company for the water pumped by the company, and thereby provide funds out of the city treasury to pay the remainder of said bonds, together with interest thereon. Accordingly, on October 26, 1903, after the reversal of the judgment in the former cause, the common council of said city adopted the following resolution:

"Be it, and it is hereby, resolved by the common council, that the board of water commissioners be authorized to purchase water of the Laporte Water Supply Company, in such quantities as in their judgment the needs and interests of the city may require, and for fire protection, at rate not to exceed three cents

City of Laporte *v.* Scott—166 Ind. 78.

per thousand gallons, and in addition to furnishing the steam that may be required to ·pump the same. This resolution shall not, however, be construed as authorizing said ˈboard of water commissioners to purchase water in excess of one million gallons ˌdaily. Said authority shall expire when other or different arrangements shall be made."

The petition alleges that the aforesaid resolution was adopted in pursuance of a scheme for the evasion of the decision or holding of this court upon the former appeal, in order that the funds of the city might be applied to the payment of the bonds issued by said water supply company, and that an arrangement was made and entered into by the officers of the city of Laporte and said water supply company, under which the warrants mentioned and referred to in the injunction order were issued, and that said de-· fendants were proceeding to carry out said purpose and arrangement to apply the revenues of the city to the payment of the bonded indebtedness of said company. It is averred, among other things, that under the aforesaid arrangement, made under said resolution, the city of Laporte, through its common council, is causing water to be pumped by the use of the water plant of said supply company into a certain mentioned reservoir; that the city is issuing its warrants monthly to said supply company for amounts ranging from $634 to $877; that beginning with the month of March, 1904, two of these warrants had been paid out of the general fund of the city, against which all of said warrants were drawn; that the scheme concocted under the resolution of October 26, 1903, contemplates and intends the continuance of the city to take water from said source of supplies and to paÿ said water supply company such sums from time to time as shall in the aggregate meet and pay the principal and interest of the bonds in question as the same shall fall due. It appears that on May 2, 1900, immediately after the organization of said water supply company, in pursuance ·of a ˈcontract between said city and

said water supply company, entered into on August 21, 1899, the city became the holder and owner of all said stock of said water supply company except two shares, which were assigned to one or more persons without consideration, said shares to be held by these persons for the sole purpose of preserving the formal corporate existence of said Laporte Water Supply Company. One of said two shares of stock it is alleged has been held by a person mentioned, who has been continuously a member of the council of said city and its proxy at all the elections of said water company and one of its directors, and is now serving as its treasurer. It is further alleged that it is the purpose of said city to continue to issue warrants and thereby provide for the payment of the $53,000 of the supply company's bonds now outstanding and unpaid.

The cause was submitted to the judge for hearing upon the verified petition or complaint of appellees. To defeat the granting of the order, and for the purpose at least of showing that there was another action pending in the Laporte Circuit Court between the same parties, based on the same right of action, appellants introduced the affidavit of H. W. Worden, together with all files and papers, orders made and entered in cause No. 5,084, entitled Scott et al. v. City of Laporte et al., which was pending in the Laporte Circuit Court, together with the opinion and judgment of the Supreme Court given and rendered in the appeal of said cause. Upon the evidence the judge granted the interlocutory or preliminary order hereinbefore set out, which, under the reservation therein provided, is to continue in force until the final hearing of the cause or the further order of the court.

It is argued by counsel for appellants that the order ought not to have been granted, because, among other reasons, it appears that there is another action pending in the same court between the same parties on the same subject-matter or right of action, namely,

cause No, 5,084, entitled Scott et al. v. City of Laporte et al. But conceding, without deciding, that the pendency of another action could have been successfully interposed by appellants to defeat the granting of the temporary injunction in question, still they are not in a position in this appeal to avail themselves of this ground of objection. Where it appears in a cause upon the face of the complaint therein that there is another action pending in a court of this State, a demurrer, assigning the third ground therefor, provided by §342 Burns 1901, §339 R. S. 1881, will lie; but where the pendency of another action is not apparent upon the face of the complaint, then such fact or objection, to be available, must be interposed by a plea in abatement. *Smock* v. *Graham* (1824), 1 Blackf. 314; *Bryan* v. *Scholl* (1887), 109 Ind. 367; *Needham* v. *Wright* (1895), 140 Ind. 190.

The right of a defendant in a suit to take advantage of the pendency of another action in a court of this State, between the same parties and for the same identical cause of action, is based on the principle that if complete relief can be secured in the prior pending action no other suit between the parties on the same right or cause of action will be permitted. The petition, or complaint, in this case, under the allegations therein, shows that the purpose of the city of Laporte in adopting the resolution of October 26, 1903, was to evade the force and effect of the decision of this court in the prior appeal of *Scott* v. *City of Laporte* (1904), 162 Ind. 34, and thereby carry out its original intention to use or apply its funds in the payment of the principal and interest upon the bonds issued by the water supply company.

The argument advanced by appellants' counsel for a reversal of the interlocutory order is of a character which would be more applicable from their standpoint in seeking to set aside a perpetual injunction in the cause. We are not required, under the circum-

stances in this appeal, to deal with the question as to whether appellees on the showing made at the preliminary hearing will at the final hearing be entitled to a perpetual injunction against appellants. The principle is well settled that the granting of a temporary or preliminary injunction in a cause is not, strictly speaking, a matter of right, but as a general rule the awarding thereof on the showing made at the preliminary hearing rests in the sound legal discretion of the trial court. Therefore the order of the court granting such an injunction will not be disturbed on appeal, unless it is made to appear to the satisfaction of the court to which the appeal is prosecuted that there has been a clear abuse of discretion on the part of the trial judge granting the injunction. *City of Logansport* v. *Uhl* (1885), 99 Ind. 531, 50 Am. Rep. 109; 16 Am. and Eng. Ency. Law (2d ed.), 345. In applications for interlocutory or preliminary orders it is not essential that a case be made out which will entitle the plaintiff or applicant to relief at the final hearing. *Spicer* v. *Hoop* (1875), 51 Ind. 365; *Home, etc., Power Co.* v. *Globe Tissue Paper Co.* (1897), 146 Ind. 673; Kerr, Injunction (Herrick's ed.), *14. The latter authority, which was cited with approval by this court in the cases last cited, states the rule as follows: "It is enough if the court finds upon the pleadings and the evidence a case which makes the transaction a proper subject for investigation in a court of equity. The question for the court upon the interlocutory application is not the final merits of the case. When the case comes on to be heard, the final merits may be very different. But this consideration will not prevent the court from breaking in upon the proceedings at law, where from the merits to be gathered from the pleadings and conflicting affidavits there appears on the whole a case proper for the investigation of the court, and a fair question to be reserved till the hearing."

Of course, as a general proposition, and one well in harmony with the authorities, it may be said that in granting

a temporary or preliminary injunction great caution should be exercised, and it ought not to be awarded merely for a tentative purpose, but only in a case where it is shown that there is an impending injury or urgent necessity which demands the immediate interposition of a writ of injunction. *City of Logansport* v. *Uhl, supra;* 16 Am. and Eng. Ency. Law (2d ed.), 347.

In determining at the final hearing the question of granting a perpetual injunction the court no doubt will be very materially aided by the decisions of this court in the appeals of *Voss* v. *Waterloo Water Co.* (1904), 163 Ind. 69, 66 L. R. A. 95, and *Scott* v. *City of Laporte* (1904), 162 Ind. 34, so far as the same are applicable to the facts. When tested by the rule which we have herein asserted, we discover no grounds for disturbing the interlocutory order involved, and, therefore, it is affirmed.