TUF-TREAD CORPORATION ET AL. *v.* KILBORN.

[No. 25,845. Filed July 21, 1930.]

*George E. Hershman, Foster Bruce* and *Ray C. Hedman,* for appellants.

*Herbert S. Barr* and *Arthur E. Letsinger,* for appellee.

GEMMILL, J.—Appellee brought this action in the Lake Circuit Court to enjoin appellants from resurfacing North Main Street, between Clark Street and Goldsborough Street in the city of Crown Point. It was alleged in the amended complaint that the contract for said work was illegal for various causes stated therein. Appellee prayed for a temporary injunction during the pendency of the cause and for a permanent injunction upon the final hearing. This appeal is from an interlocutory order granting a temporary injunction against the city of Crown Point, the mayor and common council of said city, the Tuf-Tread Corporation, and all persons acting by, through or under the Tuf-Tread Corporation. The city of Crown Point and the common council of that city have dismissed their appeal.

Errors have been assigned as follows: Overruling motion to strike out and reject parts of the amended complaint; overruling motion to make the amended complaint more definite and certain; overruling demurrer to the amended complaint; and rendering judgment on the amended complaint enjoining appellants from going forward with the work.

A demurrer was filed to the amended complaint, and it was overruled. After the ruling on the demurrer, pursuant to notice previously given, the cause was called for hearing on the matter of a temporary injunction. The defendants separately, severally and jointly refused to plead further. The court then examined the verified, amended complaint, heard arguments by counsel and granted a temporary injunction until final hearing. In *Hardy* v. *Donellan* (1870), 33 Ind. 501, it was held that a temporary injunction may be granted on the complaint and affidavit of the plaintiff alone.

It is provided in §368 Burns 1926, that "If a party fails to plead after the demurrer is overruled, judgment shall be rendered against him as upon a default." Upon the default herein, appellee's cause of action as stated in the amended complaint was fully admitted. *Miller* v. *Royce, Admr.* (1877), 60 Ind. 189.

Upon an application for an interlocutory order granting an injunction, it is not necessary that such a case should be made out as would entitle the plaintiff to relief at the final hearing. It is sufficient if the court finds upon the pleadings and evidence such a state of facts as makes the transaction a proper subject for investigation in a court of equity. *Spicer* v. *Hoop* (1875), 51 Ind. 365; *People's Gas Co.* v. *Tyner* (1892), 131 Ind. 277, 31 N.E. 59, 16 L.R.A. 443, 31 Am. St. 433; *Home, etc.; Power Co.* v. *Globe Tissue Paper Co.* (1897), 146 Ind. 673, 45 N.E. 1108; *Gagnon* v. *French Lick Springs Hotel Co.* (1904), 163 Ind. 687, 72 N.E. 849, 68 L.R.A. 175;

*City of Laporte* v. *Scott* (1906), 166 Ind. 78, 76 N. E. 878; *Risch* v. *Burch* (1911), 175 Ind. 621, 95 N. E. 123. This court has quoted with approval in *Spicer* v. *Hoop, supra,* and *Home, etc., Power Co.* v. *Globe Tissue Paper Co., supra,* the following from Kerr, Injunctions (Herrick's ed.) §14: "It is not, however, necessary that a case should be made out which would entitle the plaintiff to relief, at all events at the hearing. It is enough if the court finds upon the pleadings and the evidence a case which makes the transaction a proper subject for investigation in a court of equity. The question for the court upon the interlocutory application is not the final merits of the case. When the case comes on to be heard, the final merits may be very different. But this consideration will not prevent the court from breaking in upon the proceedings at law, where from the merits to be gathered from the pleadings and conflicting affidavits there appears on the whole a case proper for the investigation of the court, and a fair question to be reserved till the hearing." And in Kerr, Injunctions (5th ed.) 2, it is said: "In interfering by interlocutory injunction, the Court does not in general profess to anticipate the determination of the right, but merely gives it as its opinion that there is a substantial question to be tried, and that till the question is ripe for trial, a case has been made out for the preservation of the property in the meantime *in statu quo.*"

The granting of a temporary injunction to maintain the *status quo* until the final hearing rests in the sound discretion of the trial court, and this discretion will not be interfered with on appeal unless it is made to appear that the court's action was arbitrary, or constituted a clear abuse of the discretion vested in it. *City of Laporte* v. *Scott, supra: Risch* v. *Burch, supra.* It appears from the verified amended complaint that a case was made for an investigation by

the court; and it is not shown that the action of the lower court in granting a temporary injunction was arbitrary or constituted a clear abuse of discretion. The court did not err in granting the temporary injunction.

The other alleged errors assigned are prematurely raised. The demurrer to the amended complaint was for the reason that said complaint did not state facts sufficient to constitute a cause of action. For reasons heretofore stated, it was not necessary to decide if the amended complaint stated facts sufficient to constitute a cause of action for a permanent injunction in order to determine if a temporary injunction should be granted. The purpose of the amended complaint was to secure a permanent injunction, and the temporary injunction was incident thereto. A ruling of the court sustaining or overruling a demurrer to a pleading is not a final judgment, under §695 Burns 1926. A ruling of the court sustaining or overruling a demurrer is not appealable in the absence of a final judgment against the party against whom the ruling was made. *James* v. *Lake Erie, etc., R. Co.* (1896), 144 Ind. 630, 43 N. E. 876; *State, ex rel.,* v. *Lung* (1907), 168 Ind. 553, 80 N. E. 541; *Kurtz* v. *Phillips* (1916), 63 Ind. App. 79, 113 N. E. 1016. A final judgment has not been rendered in this action.

Appellants, in their brief, ask for an oral argument, but they have not complied with Rule 26 of this court, which requires that a separate petition be filed for same. An oral argument herein does not seem necessary. The request is not granted.

The interlocutory order of the lower court granting a temporary injunction is affirmed.