GREEN ET AL. *v.* BOARD OF COMMISSIONERS OF SCOTT COUNTY.

[No. 967S93. Filed January 7, 1969. Rehearing denied September 22, 1969.]

*John Ready O'Connor* and *William Prime,* of Madison, for appellant.

*Lealand West,* of Scottsburg, for appellee.

JACKSON, J.—This appeal is taken from an interlocutory order entered by the trial court denying appellants a Temporary Injunction.

From the record it appears that on December 22, 1966, appellants as plaintiffs filed in the Scott Circuit Court of Scott County, Indiana, a petition seeking a temporary restraining order and a temporary injunction restraining the defendant and others from operating and using a certain county dump or landfill until the final hearing and determination of such cause and that upon such final hearing said injunction be made permanent. The petition alleged that the appellee purchased certain land, therein described, for the erection, construction, etc., of a dump or landfill, and which

would be used as an incinerator for burning garbage, trash and refuse hauled to said location by appellees and others. It stated that appellants were the owners of land adjoining the real estate described in said petition, and that the operation of the dump would be injurious to them because the burning of garbage, trash and refuse would create obnoxious odors which would pervade the areas adjacent thereto including all the properties of the plaintiffs. It alleged that the offensive odors would deprive the plaintiff-appellants of the enjoyment of their properties and depreciate the values thereof. Finally, the petition alleged that appellants had not been given sufficient notice of the creation of the dump.

Appellants' request for a restraining order preventing appellee from operating the county dump was granted by the trial court on December 24, 1966.

Thereafter, on March 20, 1967, appellees filed their verified Motion to Dissolve Temporary Restraining Order, such motion, omitting heading, formal parts, signature and jurat, in pertinent part reads as follows, to-wit:

"Defendants move the court to dissolve the Restraining Order heretofore entered and rendered against them in this cause for the reasons following, to-wit:

1. That the Sanitary Landfill now owned by Scott County is operated for the use and benefit of all the citizens of Scott County.

2. The Sanitary Landfill is a means to improve the sanitary conditions of Scott County, being recommended by the Departments of Health and Sanitation of the State of Indiana.

3. The method disposing of garbage, trash and refuse by means of a Sanitary Landfill has been and is a means to combat the problem of air pollution now a big problem before the Departments of Health and Sanitation. By the method of disposing of garbage, trash and refuse in a Sanitary Landfill there is no burning to produce smoke or stench to pollute the air or to produce any obnoxious odors of any nature.

Paragraph (4) in Petition for Injunction petitioners allege that said Landfill will be used as an incinerator for

burning garbage, trash and refuse, and your Defendants would show to the court that in the operation of a Landfill there is no burning of any nature or at anytime. Wherefore your defendants deny the allegations in paragraphs (4) and (5) of Plaintiff's petition.

4. Furthermore petitioners had ample time and knowledge of the construction of the Landfill and made no objections until land was purchased and operations in effect.

5. The Restraining Order is depriving the citizens of Scott County of a Sanitary method of disposing of their trash and refuse as prescribed by the Department of Health and Sanitation.

6. It is the desire and intentions of The Board of Commissioners of The County of Scott to properly operate said Landfill and to comply with the standards of The Department of Health and Sanitation in said operation.

WHEREFORE, The Board of Commissioners of The County of Scott now pray an order of The Scott Circuit Court dissolving the present Temporary Restraining Order, issued by the Scott Circuit Court 24 day of December, 1966."

Thereafter, on April 7, 1967, appellants filed a motion for change of venue from the county, such motion was granted on April 11, 1967, as a result of striking by the parties, Clark County was the county to which the cause was venued.

On August 8, 1967, the cause being at issue was submitted to the Clark Circuit Court for trial, without the intervention of a jury. (The record discloses that the court following trial took the matter under advisement until September 6, 1967.)

Thereafter, on September 6, 1967, the court entered its judgment. The same, omitting heading and signature, reads as follows:

"This cause having been under advisement by the Court with regard to the Petition for Temporary Injunction filed herein, and the evidence heard thereon, and the Court now being sufficiently advised in the premises finds that the Petition for Temporary Injunction should be denied, and that the Restraining Order heretofore issued in this cause should be dissolved.

It is therefore considered, ordered and adjudged that the Petition for Temporary Injunction is hereby denied, and that the Restraining Order is hereby dissolved with the costs of this cause of action to be paid by the petitioners."

Appellants' Assignment of Errors is the single specification,

"1. The Trial Court erred in dening [sic] appellants a Temporary Injunction as prayed for."

From the evidence in the record in the case at bar we cannot say, as a matter of law, that the trial court abused its discretion in denying appellant's petition for a temporary injunction. Appellants alleged that the operation of the dump would be accompanied by the burning of garbage and other debris thereby causing a stench of foul odors. The petition herein was introduced in evidence and witnesses for appellants testified to detrimental effects as a result of the operation of the dump. Appellees in turn introduced testimony, some by expert witnesses, in support of their defense that the operation of the county dump or landfill would have no detrimental effects on adjacent properties. It thus appears that there was evidence adduced in support and denial of the allegations of the petition, in other words there was conflicting evidence. From the record before us the court might well have decided the case either way.

This Court has long held that on appeal it will not weigh evidence. *DeSchamps* v. *Board of Zoning Appeals Etc.* (1961), 241 Ind. 615, 174 N. E. 2d 581; *Kraus* v. *Kraus, Executor, Etc. et al.* (1956), 235 Ind. 325, 132 N. E. 2d 608.

It has been said many times in the past that on appeals of this nature this Court will consider only the evidence which tends to support the findings of the trial court together with the reasonable, logical and natural inferences which may be drawn therefrom. *Southport Board of Zoning Appeals et al.* v. *Southside Ready Mix Con-*

*crete, Inc., et al.* (1961), 242 Ind. 133, 176 N. E. 2d 112; *Koss* v. *Continental Oil Co. et al.* (1944), 222 Ind. 224, 52 N. E. 2d 614.

It is also a well settled principle that the granting of a temporary injunction to maintain the status quo until the final hearing rests in the sound discretion of the trial court and the exercise of this discretion will not be interfered with by this Court unless it is shown that the action of the trial court was arbitrary or constituted a clear abuse of discretion. *Koss* v. *Continental Oil Co. et al., supra; The Indiana Annual Conference Corp. et al.* v. *Lemon, etc.* (1956), 235 Ind. 163, 131 N. E. 2d 780; *Tuf-Tread Corp. et al.* v. *Kilborn* (1930), 202 Ind. 154, 172 N. E. 353.

Appellants also contend that appellees should be enjoined from operating the dump or landfill for the reason that, according to appellants, the appellee did not follow the proper statutory procedure in acquiring the property to be so used.

It appears that is another question, one relating to a determination of the case on the merits, which cannot properly be decided at a hearing on a petition for a temporary injunction. The purpose of a temporary injunction is to preserve the status quo until such time as the matter in dispute can be fully adjudicated at the trial on the merits. *Public Service Com., etc.* v. *N.Y.C.R.R. et al.* (1956), 247 Ind. 411, 216 N. E. 2d 716; *Weis* v. *Cox* (1933), 205 Ind. 43, 185 N. E. 631.

As this is an appeal from an interlocutory order, denying appellants' petition for a temporary injunction, the determination as to whether or not appellees followed the proper statutory procedure in acquiring the property, goes to the merits of the dispute and must await determination at a trial on the merits. It is not before us in this appeal.

The judgment below is affirmed.

Lewis, C. J., and DeBruler, Arterburn and Hunter, JJ., concur.

NOTE.—Reported in 242 N. E. 2d 844.