STATE OF INDIANA EX REL, AMERICAN RECLAMATION *v.* ALBERT KLATTE ET AL.

[No. 1270S311. Filed June 22, 1971.]

*Philip R. Melangton, Jr., Raikos, Melangton, Dougherty & Christ,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *Sam Stoehr,* Deputy Attorney General, *Harold H. Kohlmeyer, Jr., Arthur H. Northrup, Richard L. Milan,* of Indianapolis, for appellees.

HUNTER, J.—This appeal comes to us from the Shelby County Superior Court and challenges the legal propriety of that court's actions in issuing a temporary injunction, enjoining appellant from the operation of a landfill at 1350 Troy Avenue, Indianapolis, Indiana.

The litigation preceding the issuance of the temporary injunction may be briefly summarized as follows: it appears that appellant, American Reclamation and Refining Co., sought the necessary approval from the appropriate city administrative agencies for the operation of a sanitary landfill to be located at 1350 Troy Avenue. Approval of a zoning variance and the issuance of a license by the City Controller upon approval by the Board of Public Works was required before the landfill could legally be operated.

Apparently upon the grounds that the city officials were improperly withholding approval of the landfill operation by virtue of "additional,—extra-legal requirements" being imposed, appellant, as plaintiff, sought to have such officials compelled to extend the requisite legal approval by court action in the form of a complaint for writ of mandate. In response, appellees filed an answer and cross-complaint for injunction. A temporary injunction was duly issued by The Honorable Judge Goddard, special judge of the Shelby County Superior Court, and this interlocutory appeal follows.

Before reaching the merits on the question of injunctive relief, we must first decide whether appellees' brief is properly before us for consideration. This being an interlocutory appeal from the granting of a temporary injunction, it is clear that appellees had ten [10] days from the filing of appellant's brief in which to file appellees' brief. Rule AP. 8.1(B). Nevertheless, appellees did not file a brief until some thirty [30] days after the filing of a brief by appellant. Several motions and countermotions have been filed respecting the matter and we feel compelled to make comment.

In its original complaint for writ of mandate, appellant

named several parties as defendants, specifically: Albert Klatte as Enforcement Officer and on behalf of the Marion County Health and Hospital Corporation; Blucher Poole as Technical Secretary and on behalf of the Indiana State Board of Health; Indiana State Board of Health and its Stream Pollution Control Board; John W. Sweezy, Director of the Board of Public Works, Wendell D. Vandiver, Paul E. Buckley, William H. Hardy, and Gordon G. Gilmer as members of the Department of Public Works; Richard P. Wetter as Deputy Director of the Department of Public Works; and Earl Franke, Zoning Administrator on behalf of the Metropolitan Board of Zoning Appeals, Division One, and on behalf of the Metropolitan Development Commission. Several attorneys entered appearances separately and on behalf of individual defendants, including attorneys from the Indianapolis City Legal Department. The cross-complaint filed by "defendants", however, the disposition of which is the subject of this appeal, was signed only by Arthur H. Northrup on behalf of the City Legal Department.

In a petition filed by Northrup, on behalf of the City Legal Department, it was requested that the brief to be filed be considered timely since the notice given by appellant and the service of its brief were not adequate in that such notice and service were not made on Northrup personally; it is contended since Northrup was essentially handling the litigation that notice and service should have been directed to him. We cannot agree. Included with the papers accompanying this appeal is an "Acknowledgment of Service of Appellant's Brief" dated March 22, 1971, signed by an assistant attorney in the City Legal Department. March 22nd was the same day appellant filed its brief in this court and we feel constrained to hold that notice and service to the City Legal Department was, in effect, notice and service to Northrup under Rule AP. 12(B).

Also before us are petitions on behalf of two parties, Albert Klatte and Blucher Poole, who seek to adopt "Appellees Brief" as their own and to have it considered timely filed. The basis

for these requests is that neither party nor their attorney of record was given notice of the filing of appellant's brief nor served with a copy thereof. For reasons to follow, nevertheless, we have concluded that these petitions must be denied.

As we have noted, the cross-complaint for temporary injunction was filed by Northrup, an attorney for the Indianapolis City Legal Department. This being the case, there is ██ reason to conclude that the legal department was either filing the cross-complaint on behalf of all named defendants pursuant to an agreement not evidenced by the record *or* that the legal department filed its cross-complaint only on behalf of those parties which it normally represents pursuant to its statutory authority. In either case, notice of filing and service of appellant's brief would be sufficient if made on the legal department. Parties to an appeal are entitled to service of all papers filed pursuant to the prosecution of an appeal, and where represented by counsel, service may be made upon such counsel. Rule AP. 12(B). Parties to *this* appeal are determined by reference to the cross-complaint for temporary injunction, since it is the disposition of that claim which occasions this appeal. Rule AP. 2(B).[1] Therefore, in determining what attorneys are entitled to service under the above rule, it would seem manifestly clear that an opposing party would be warranted in looking at the complaint (here a cross-complaint) or other trial pleading filed to determine the scope of his service duties on appeal under Rule AP. 12(B),—since under Rule TR. 11 a pleading must be signed by an attorney of record where such party is, in fact, represented by counsel.[2]

---

1. The provision in Rule AP. 2(B) to the effect that "all parties of record in the trial court shall be parties on appeal" must be interpreted in light of the pleadings before the court. Where, for example, an appeal is taken from a judgment on a cross-complaint, the term "all parties" means all parties to an action on the cross-complaint only. Under the liberal provisions of Rule TR. 13 respecting compulsory and permissive counter-claims it is clear that not all parties to the original action would necessarily be parties to a claim asserted by virtue of that rule and having no interest in the disposition of the ancillary claim, would likewise not be parties on appeal.

2. We concede that Rule TR. 11 might be interpreted as requiring only the signature of one attorney of record where there are several

It necessarily follows that appellant would have been justified in assuming that the City Legal Department was acting as counsel on behalf of all parties defendant on their cross-complaint, Deputy Attorney Northrup's signature being the only signature appearing, in which case service of an appeal brief on such department would be sufficient under Rule AP. 12 (B),—*or* that only those parties defendant which are, by virtue of statutory enactment, customarily represented by the legal department were intended to be party cross-complainants,—in which case service on such department would again be sufficient under Rule AP. 12(B).

Thus we are forced to hold that appellees' brief can in no regard be deemed timely filed. In such a case, we feel the consideration of appellees' brief is entirely discretionary with the court, it being "before us" by virtue of Rule AP. 8.1(C). Where, as here, the matter under review is of great public importance, justice will best be served if we are to have the advantage of argument from all parties involved. Consequently and in pursuance of our discretionary power in this regard, we shall consider appellees' brief on the merits.

Briefly summarized, appellant would make the following arguments:

1. Jurisdiction of the trial court to issue an injunction is limited to the protection of civil and property rights.
2. Injunctive relief is improper to prevent the violation of a municipal ordinance where such ordinance provides a penalty for its violation.
3. The trial court was in error in its adoption of appellees' tendered findings of fact and conclusions of law.

parties individually represented by separate counsel. Howver, we believe the rule to require the signature of one attorney for each party purporting to be represented individually by counsel if he is to be bound by the pleading. This requirement does not preclude agreements between the individual parties respecting their representation, but may serve to limit the notice and service obligations of an opposing party under Rule AP. 12(B). This is especially so where, as here, the only pleadings filed relative to a judgment being appealed were all filed by one legal department.

4. The granting of a temporary injunction under a void restraining order denied appellant equal protection of the laws.

5. The court erred in failing to modify or dissolve the temporary injunction issued.

Due to our conclusion in this case, it will be unnecessary to discuss in detail each point raised by appellant.

As pointed out by appellees, a temporary injunction may be issued to maintain the status quo, pending a determination of the case on the merits. *Green* v. *Board of Commissioners of County of Scott* (1969), 251 Ind. 535, 242 N. E. 2d 844; *Public Service Commission* v. *New York Central Rail Road Company* (1966), 247 Ind. 411, 216 N. E. 2d 716; *Indiana Annual Conference Corporation* v. *Lemon* (1956), 235 Ind. 163, 131 N. E. 2d 780; *Public Service Commission* v. *Indianapolis Rys.* (1947), 225 Ind. 30, 72 N. E. 2d 434; *Tuf-Tread Corporation* v. *Kilborn* (1930), 202 Ind. 154, 172 N. E. 353; *Risch* v. *Burch* (1911), 175 Ind. 621, 95 N. E. 123; *City of Laporte* v. *Scott* (1906), 166 Ind. 78, 76 N. E. 878; *Home Electric Light and Power Company* v. *Globe Tissue Paper Company* (1897), 146 Ind. 673, 45 N. E. 1108; *Spicer* v. *Hoop* (1875), 51 Ind. 365. As has been duly noted in the cases above cited, it is not necessary that the party seeking relief make out such a case as would entitle him to relief at the final hearing but only that there be shown a set of facts sufficient to justify further investigation by a court of equity. As we said in *Tuf-Tread Corp.* v. *Kilborn, supra:*

" 'In interfering by interlocutory injunction, the Court does not in general profess to anticipate the determination of the right, but merely gives it as its opinion that there is a substantial question to be tried, and that till the question is ripe for trial, a case has been made out for the preservation of the property in the meantime *in status quo.'*

The granting of a temporary injunction to maintain the *status quo* until the final hearing rests in the sound discretion of the trial court, and this discretion will not be interfered with on appeal unless it is made to appear that the court's action was arbitrary, or constituted a clear abuse of

the discretion vested in it." 202 Ind. at 157, 172 N. E. at 354.

A review of the record discloses several pertinent facts relating to the propriety of the trial court's issuance of the temporary injunction: a zoning variance and license to operate a sanitary landfill, both necessary to its legal operation, had been sought but never obtained; appellant attempted to compel the requisite official action by filing suit for a writ of mandate; subsequent to the filing of that suit, it commenced operating a landfill at the site in question; Ind. Ann. Stat. § 48-4245 *et seq.* (1970 Supp.) vests in a municipality the right to operate sanitary landfills or to delegate the right of a private owner; appellant's unauthorized operation of the landfill is in direct violation of municipal ordinances relating to the licensing of landfills and the disposal of refuse without proper municipal authority; there was an allegation, reasonably supported by the evidence, that continued operation of the landfill, as then operated, would have a pollutant effect upon local water supplies and on White River which abutted the property and was generally detrimental to the health and welfare of the citizens residing in the locality.

Given this state of facts, we are unable to say that the trial court abused its discretion in issuing a temporary injunction pending a final disposition of the case on the merits both on the complaint for writ of mandate and cross-complaint for permanent injunction. The landfill operation was illegal and the public health endangered. A temporary injunction to maintain the status quo pending further judicial inquiry would seem manifestly appropriate and we so hold.

Having thus concluded that the temporary injunction was proper we need not further discuss appellant's arguments numbered (1) and (2) above. The persuasiveness of the points there raised is diminished somewhat due to the fact we are only passing upon the propriety of a temporary injunction rather than one of a permanent nature. It should

also be pointed out, however, that the established rules governing injunctive relief may be in need of re-appraisal if courts are to satisfactorily solve the problems with which they are today confronted. Certainly the area of environmental protection is one in which careful deference to the public health and welfare should be accorded at the expense of rote reference to judicial principles long established.

Appellant's third argument is that the trial court erred in its adoption of appellees' tendered findings of facts and conclusions of law. Although it is not entirely clear in what respect appellant wishes to attack the said findings and conclusions, it would appear to be on the basis that there was no proof that the operation threatened the health and welfare of the citizenry and that pure conjecture is not sufficient to effectively deprive one of the use of his property. A review of the record, nevertheless, discloses ample testimony to the effect that the landfill, as then operated, constituted a health hazard due to the nature of the soil and the lack of corrective measures to prevent pollution of nearby water supplies. As we said in *Green* v. *Board of Commissioners of County of Scott, supra:*

". . . on appeals of this nature this Court will consider only the evidence which tends to support the findings of the trial court together with the reasonable, logical and natural inferences which may be drawn therefrom. *Southport Board of Zoning Appeals et. al.* v. *Southside Ready Mix Concrete, Inc. et. al.* (1961), 242 Ind. 133, 176 N. E. 2d 112; *Koss* v. *Continental Oil Co. et al.* (1944), 222 Ind. 224, 52 N. E. 2d 614." 251 Ind. 535, 242 N. E. 2d at 847.

Appellant's fourth argument, that the granting of a temporary injunction under a void restraining order denied appellant equal protection of the laws, is likewise without merit. Essentially, appellant here argues that the restraining order issued by the trial court without notice or hearing prior to the hearing on the temporary injunction breached the requirements of Rule TR. 65(B). The rule, in pertinent part, reads as follows:

"(B) Temporary restraining order—Notice-Hearing-Duration. A temporary restraining order may be granted without written or oral notice to the adverse party or his attorney only if:

(1) it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or his attorney can be heard in opposition; and

(2) the applicant's attorney certifies to the court in writing the efforts, if any, which have been made to give notice and the reasons supporting his claim that notice should not be required."

From a reading of the rule, it is apparent that a temporary restraining order may be issued without notice or hearing if certain prerequisites are met. Appellant makes no attempt to specifically describe the procedural deficiencies alleged. Under these circumstances, we are not inclined to search the record to discover them and we are thus unable to say that the trial court's issuance of the temporary restraining order was erroneous.

Finally, appellant argues that the court erred in failing to modify or dissolve the preliminary injunction. In addition to points already discussed concerning the propriety of the court's temporary order, appellant also argues that the trial court exceeded its lawful jurisdiction by enjoining all officers, directors, employees, customers, assigns, agents, grantees and transferees from operating the disposal facility at 1350 Troy Avenue or at any other location in Marion County without proper authorization. In view of the history of this litigation and the unlawfulness of appellant's landfill operation it would seem that the scope of the court's order was necessary to insure the effectuation of its purpose insofar as the location in question is concerned. Cease and desist orders had been previously issued against appellant's operation by appropriate municipal agencies but they were apparently ignored. While we do not specifically approve of the order wherein it pur-

ports to enjoin appellant from operating any unauthorized landfill in Marion County, there appearing no basis for such an inclusion, we are not prepared to void the entire order on that ground alone. Since there is no evidence that appellant was, in fact, engaged in unlawful activity at other locations in the city, which operations were not here in issue, we see no immediate prejudice accruing to appellant by virtue of that aspect of the order. Should a permanent injunction eventually be issued, however, the order should properly be restricted to the operation in issue.

For the foregoing reasons, the trial court's action in issuing the temporary injunction is affirmed.

Judgment affirmed.

Arterburn, C.J., DeBruler, Givan and Prentice, JJ., concur.

NOTE.—Reported in 270 N. E. 2d 872.