HENRYETTA HERSCHBACH GROTHE ET AL. *v.* HENRY F. HERSCHBACH ET AL.

[No. 372A158. Filed September 5, 1972. Rehearing denied October 17, 1972. Transfer denied May 21, 1973.]

*Owen W. Crumpacker, Kenneth D. Reed, David E. Mears,* of Hammond, *John Hopkins,* of Rensselaer, for appellants.

*William S. Spangler, John P. McQuillin, Spangler, Jennings, Spangler & Dougherty,* of Gary, for appellees.

SHARP, J.—This case involves a family controversy concerning the ownership of a closely held family-held corporation.

It has resulted in or caused a proliferation of lawsuits since 1968 and in each of those lawsuits there has been a proliferation of filings, hearings and a wide variety of cross-contentions.

The key person in the dispute is Henry F. Herschbach, who is now well past 80 years of age. He was married to Ethel Herschbach and she died in 1965. As a result of the marriage of Henry F. Herschbach and Ethel Herschbach two children were born, namely, Henryetta Herschbach Grothe and Jack Herschbach. In 1966 Henry F. Herschbach married Mary F. Herschbach who is a second childless spouse and considerably younger than her husband. The Herschbach Motor Corporation is a closely held family-owned corporation which has operated a successful automobile dealership business in Hammond, Indiana, for about 40 years. During that period of time Henry F. Herschbach has been the chief executive officer of the corporation in name and in fact. There are 2000 shares of common stock authorized and issued in the Herschbach Motor Corporation.

On August 30, 1970 Henryetta Herschbach Grothe and Jack Herschbach filed an action in the Lake Circuit Court to remove certain named corporate officers, including Henry F. Herschbach and Mary F. Herschbach, of the Herschbach Motor Corporation and their action also prayed for the appointment of a receiver and for a permanent injunction. The parties defendant to the lawsuit filed on August 30, 1970, were the Herschbach Motor Corporation, Henry F. Herschbach, both individually and as an officer and director of Herschbach Motor Corporation, and Mary F. Herschbach, both individually and as an officer and director of Herschbach Motor Corporation. The venue of this case was changed to the Jasper Circuit Court and it was assigned cause number 290-70 there. On May 13, 1971 in said cause 290-70 the defendants therein, namely, Henry F. Herschbach and Mary F. Herschbach, plus the Calumet National Bank of Hammond, as Trustee under a Trust established by the Last Will and Testament of Ethel Herschbach, and the Herschbach Motor Corporation

filed a counter-complaint and a third party complaint for an injunction naming Henryetta Herschbach Grothe, Jack Herschbach, Helen Herschbach (wife of Jack Herschbach) and Edward M. Schaeffer, one-time secretary-treasurer of Herschbach Motor Corporation as counter-defendants and third party defendants.

On May 14, 1971, in the Lake Circuit Court, under cause number C-71-707 said Helen Herschbach, Jack Herschbach, Henryetta Herschbach Grothe, Edward M. Schaeffer and Herschbach Motor Corporation as plaintiffs filed a verified complaint for a restraining notice without notice, temporary injunction, permanent injunction and damages in which Henry F. Herschbach, Mary F. Herschbach, G. Edward McHie and Calumet National Bank of Hammond were designated as parties defendant. After hearings and orders were entered on May 14 and May 21, 1971 in the Lake Circuit Court by agreement the action in cause C-71-707 in the Lake Circuit Court was ordered transferred and consolidated with cause number 290-70 in the Jasper Circuit Court and was in fact, transferred and consolidated.

Between August 30, 1970 and March 23, 1972, the record discloses at least 26 separate and distinct filings, hearings, or request for hearing by the various parties in cause 290-70 in the Jasper Circuit Court. We will attempt to limit ourselves precisely to the issues which have been preserved and argued in the briefs here. On March 2, 1972 the trial court entered an order of temporary injunction which reads as follows:

"Third party plaintiffs and counter claimants, Henry F. Herschbach, Mary F. Herschbach, and the Herschbach Motor Corporation, having filed their counter complaint and third party complaint for an injunction on the 13th day of May, 1971, and the Court on that day having set the 20th day of May, 1971, at 9:30 A.M. for hearing on the same, that setting being continued by agreement of the parties to June 7, 1971, and the Court having heard the evidence and testimony, and having examined the proofs

offered by the respective parties, and the Court being fully advised in the premises, the Court now makes the following findings:

1. The Jasper Circuit Court has jurisdiction over the counter defendants and third party defendants, Henryetta Herschbach Grothe, Jack Herschbach, Helen Herschbach, and Edward Schaeffer.

2. The Court has jurisdiction over the subject matter: the operation of the business of the Herschbach Motor Corporation and the assets of the Herschbach Motor Corporation.

3. The petition for injunctive relief made by Henry F. Herschbach, Mary F. Herschbach, and the Herschbach Motor Corporation is a complaint for a preliminary injunction.

4. The stock transfer ledger books of the Herschbach Motor Corporation show ownership of 2,000 authorized and outstanding shares of common stock of the Herschbach Motor Corporation as follows:

| Shareholders | Number of shares held |
|---|---|
| Henry F Herschbach, as Trustee under the Trust of August 17, 1965 | 1,299 shares |
| Trust A under the Will of Ethel Herschbach, deceased | 360 shares |
| Henryetta Herschbach Grothe | 280 shares |
| Mary F. Herschbach | 60 shares |
| Henry F. Herschbach and Mary F. Herschbach, jointly | 1 share |
| Total | 2,000 shares |

5. That Henry F. Herschbach is President and a Director of Herschbach Motor Corporation.

6. That Mary F. Herschbach is Secretary-Treasurer and a Director of Herschbach Motor Corporation.

7. That according to the corporate stock transfer ledger Henry F. Herschbach held a majority of the shares of the corporation as Trustee under the trust of August 17, 1965, that is, 1,299 shares, and on the 11th day of May, 1971, and to date Henry F. Herschbach has held and has been in possession and has been occupying the office of President of the said corporation.

8. Further, that Helen Herschbach, Henryetta Herschbach Grothe, Edward Schaeffer, and Jack Herschbach do

not hold office in the Herschbach Motor Corporation nor are they officers of said corporation.

9. That Helen Herschbach has interfered with Henry F. Herschbach's capacity to draw checks on the corporation's bank accounts and that Jack Herschbach has interfered with Henry F. Herschbach's capacity to draw such checks in his discretion as President, and has further interfered with the normal operation of said business by impeding the payment of bills, by interference with the purchase and sale of automobiles and by interfering with all aspects of the normal operation of said business.

10. That Helen Herschbach and Jack Herschbach have asserted claim ownership rights in the substantial bank accounts and negotiables of the Herschbach Motor Corporation on deposit with the Calumet National Bank of Hammond, Indiana, under a claim by Helen Herschbach to the office of President of Herschbach Motor Corporation and by procuring a court order in this cause in the Lake Circuit Court.

11. That Henry F. Herschbach has possessed, held and occupied the office of President of Herschbach Motor Corporation throughout the year 1971, up to the present time and for the past 40 years; and it has been Henry F. Herschbach who in fact performed the functions and duties of the chief executive office of President of Herschbach Motor Corporation during this time.

12. That Henry F. Herschbach, Mary F. Herschbach, as officers of said corporation, and the Herschbach Motor Corporation will suffer great injury, and irreparable harm and damage, if the third party defendants and counter defendants are not enjoined and restrained from the above-mentioned interference with the operation by the counter-claimants and third party plaintiffs of the Herschbach Motor Corporation, and that the third party plaintiffs and counter-claimants have no adequate remedy at law.

It Appearing To The Court That A Temporary Injunction Should Issue In The Premise, The Court Now Sets The Bond At $5,000.00, And The Undertaking Of The Counter-claimants And Third Party Plaintiffs Is Now Filed And Approved, (H.I.), And Proper Bond Having Been Given And Approved.

Now, Therefore, Helen Herschbach, Jack Herschbach, their agents, servants, employees and attorneys, and those persons in active concert or participation with them, are hereby enjoined and restrained, during the pendency of

the above-entitled action, and until its final determination, or until the Court shall otherwise order from the following acts:

1. From removing any books, records, bank accounts, assets, funds or other property from the company's offices at 6752 Indianapolis Boulevard, and

2. From withdrawing funds from the company's bank accounts or safety deposit boxes in the Calumet National Bank of Hammond or in any other banks, and

3. From occupying the premises, except that Jack Herschbach will continue as sales manager of the Herschbach Motor Corporation, and

4. From congregating and gathering in and about the premises at 6752 Indianapolis Boulevard, and

5. From interfering in any way with the normal and usual business of the Herschbach Motor Corporation, and

6. From interfering in any way with the authority and right of Henry F. Herschbach to draw checks upon the bank accounts of the Herschbach Motor Corporation in the Calumet National Bank or elsewhere.

Further, the restraining orders of the Lake Circuit Court dated May 14, 1971 and May 21, 1971 made in Cause No. C71-707, consolidated herein, are now dissolved. Henry F. Herschbach shall have the sole right to draw checks upon the bank accounts of Herschbach Motor Corporation; Jack Herschbach is directed to immediately deliver to Henry F. Herschbach the former's key to the Calumet National Bank's safety deposit box, which contains certain savings certificate mentioned in the Order of May 21, 1971 and owned by Herschbach Motor Corporation."

At the outset it is necessary to emphasize that this order of injunction, though heard on an extensive record which constitutes some 1781 pages of transcript, is in the nature of a preliminary or temporary injunction.

In regard to the above findings it must be emphasized that these findings are considered here only as a basis for the temporary injunction and are not here considered as findings on the merits of the case in chief.

Trial Rule 65 governs the granting of preliminary injunctions. Under Trial Rule 65 (A) (4) the trial court has the power to hear an application for a preliminary injunction without the adverse parties filing answers.

The basic judicial touchstone for a preliminary injunction is found in *Indiana Annual Conference Corporation* v. *Lemon* (1956), 235 Ind. 163, 131 N. E. 2d 780, 782, in which Judge Arterburn, speaking for our Supreme Court, stated:

> "It is not necessary that a case should be made that would entitle the plaintiff to relief in all events. It is necessary only that the pleadings and evidence be such that it makes out a case for a proper investigation in equity and that the status quo be maintained pending such trial on the merits. There must be a clear abuse of discretion by the trial court before the court on appeal may interfere." See also, *Public Service Co.* v. *Indianapolis Rys., Inc.* (1947), 225 Ind. 30, 72 N. E. 2d 434, and *Green* v. *Board of Commissioners* (1969), 251 Ind. 535, 242 N. E. 2d 844.

A preliminary injunction has always been available to the trial court to preserve the status quo pendente lite. Trial Rule 65 embodies the historic rule as set forth in the *Lemon* case, *supra,* and clearly makes temporary relief available to any party that can bring itself within the meaning of the rule.

It is also necessary to emphasize that from the mass of factual data, much of it in direct conflict, which appears of record, we must examine the record with the factual inferences most favorable to the Appellee. When all of the emotion, cross-contentions and counter-contentions are drained away the central issue in this case, when it is ultimately determined on the merits, deals with the ownership of the majority shares of common stock in the Herschbach Motor Corporation. Specifically, it seems to narrow to the ownership of some 1299 shares. In regard to those 1299 shares the stock transfer books of the Herschbach Motor Corporation disclose that said 1299 shares are owned by Henry F. Herschbach as Trustee

under a trust created August 17, 1965. The statutes of Indiana governing corporate affairs require that a corporation look only to its own stock transfer books in determining who are shareholders entitled to vote stock. See Ind. Ann. Stat. § 25-207(h) (Burns 1970), IC 1971, 23-1-2-9. In this regard we are aware that Jack Herschbach is a party plaintiff to a lawsuit pending in the United States District Court for the Northern District of Indiana, cause 4949, in which he is seeking to have the trust of August 17, 1965 declared void. However, the record here does not disclose that there has been any such determination in that case with reference to the validity of said trust. In this regard Jack Herschbach is also the plaintiff in a lawsuit now pending in the Jasper Circuit Court under cause number 286-70 to declare his children's trust of August 17, 1965 invalid. Likewise, no final decree adjudicating such invalidity is in the record and none was presented to the trial court at the time when the order of injunction was entered here on March 2, 1972.

From the record it appears that a special meeting of stockholders of the Herschbach Motor Corporation was called by Henryetta Herschbach Grothe for May 11, 1971. On that date the corporate stock transfer books revealed the stock ownership as indicated in the court's order of injunction of March 2, 1972. At the stockholders' meeting of May 11, 1971 both factions which are competing for control of this corporation were present and were represented by attorneys. It appears that two conflicting sets of minutes were executed as a result of the May 11, 1971 special stockholders' meeting. One set of minutes prepared at the instance of Henry F. Herschbach discloses that such stockholders took no action to remove officers or directors and elected no new directors. Another set of minutes apparently prepared at the instance of Jack Herschbach, Henryetta Herschbach Grothe, Helen Herschbach and Edward M. Schaeffer discloses that Jack Herschbach purported to vote 1299 shares of stock of the Herschbach Motor Company for himself and 640 shares as

proxy for Henryetta Herschbach Grothe and proceeded to elect Helen Herschbach, Henryetta Herschbach Grothe and Edward M. Schaeffer as the three directors of the Herschbach Motor Corporation and to elect Helen Herschbach as President of Herschbach Motor Corporation.

At this stage of the proceedings it is unnecessary to determine as a final matter which of these two competing contentions and claims are legally correct. The simple question before us is whether or not the trial court abused its discretion under Trial Rule 65 and under the principles announced in the *Lemon* case in issuing the temporary injunction to maintain the status quo pendente lite. In this regard the findings made by the trial court are based upon the facts in the record.

The Jasper Circuit Court had general jurisdiction over the parties and the subject matter of this lawsuit. We do not believe that it abused its discretion in entering the preliminary injunction of March 2, 1972. It was the trial court's obvious attempt to maintain the status quo between competing factions for control of a family held corporation where the stakes were high and the emotions of both the parties and their counsel extremely volatile. This is manifestly not the case for a court of appeals to second guess the discretion and judgment used by the trial court.

A claimant of a corporation office may be enjoined by one occupying such office under claim of right from purporting or assuming to act as holder of the office until he establishes his title thereto in an action at law, thereby protecting the incumbent's possession from any unlawful intrusion. See *Ziffrin* v. *Ziffrin* (1959), 239 Ind. 468, 158 N. E. 2d 793.

Henryetta Herschbach Grothe and Jack Herschbach rely heavily on *Hutton* v. *School City of Hammond* (1924), 194 Ind. 212, 219, 142 N. E. 427, 32 A. L. R. 888, which in pertinent part states:

"And where the defendants admitted by their verified answer that plaintiff was the owner and entitled to possession of certain books and papers that had been in the custody of their decedent but offered an excuse for not surrendering them forthwith, an interlocutory mandatory injunction requiring that plaintiff be given access to them pending their delivery to her was issued. Goodale v. Goodale (1848), 16 Sim. (39 Eng. Ch.) 316.

But we have not been referred to any authority, nor do we know of any holding that where the property in controversy never had been in the possession of plaintiff, but defendant had held undisturbed possession of it for a period of years and claimed to be the absolute owner, he could be required by an interlocutory order to surrender it for the use of plaintiff pending suit, because of the provisions of a contract under which defendant had performed certain services years before, for which plaintiff had paid in full at the time, even if it should be found that, under a proper construction of the contract, title to such property had been conveyed by defendant to plaintiff at the time the contract was executed. The general rule is that mandatory injunctions will not issue to deprive a person of property of which he is in possession under claim of ownership, until after the cause has been fully heard, when it comes up for final decree. And in the absence of extraordinary circumstances of a character not shown to exist in the case at bar, such an order should not issue."

The evidence here, although disputed, is sufficient to put Henry F. Herschbach, Mary F. Herschbach and G. Edward McHie in the position of having been in possession of the property in question. *Hutton* is therefore no authority to reverse this temporary injunction as a matter of law.

Henryetta Herschbach Grothe and Jack Herschbach also rely on *Pub. Ser. Comm.* v. *N. Y. C. R. R.* (1966), 247 Ind. 411, 421, 216 N. E. 2d 716, where the court said:

"This court has previously indicated the general equitable principles required before the granting of a temporary injunction,

'Generally, the purpose of an injunction pendente lite is to preserve the status quo. A temporary injunction will be granted where it appears that the case is a proper one for investigation in a court of equity. However, it ought not

be awarded for a tentative purpose, but only in a case where it is shown that there is an impending injury or urgent necessity which demands the immediate interposition of a writ of injunction, although it is not essential that a case be made out which will entitle the applicant to relief at the final hearing.' 16 I. L. E., Injunctions, § 2, p. 4; The Ind. Annual Conf. Corp. et al. v. Lemon, etc. (1956), 235 Ind. 163, 131 N. E. 2d 780; Pub. Ser. Com. v. Indpls. Railways (1947), 225 Ind. 30, 72 N. E. 2d 434; Weis v. Cox (1933), 205 Ind. 43, 185 N. E. 631, 632; City of LaPorte v. Scott (1906), 166 Ind. 78, 76 N. E. 878, 881; See also: 16 I. L. E. Injunctions, § 96, p. 66"

We believe that the order of the trial court on the temporary injunction is within the confines of the above cited rule.

Considering the factual record most favorable to the Appellee the record discloses that Henry F. Herschbach has served as chief executive officer of the Herschbach Motor Corporation for the last 40 years and has continued to act in such capacity during the time of the dispute here. The record further discloses that Helen Herschbach, who also claims to be President of Herschbach Motor Corporation, has spent no time on the premises of said Herschbach Motor Corporation except to attend the stockholders' meeting on May 11, 1971. The one other act by Helen Herschbach which she claims to have done as President of Herschbach Motor Corporation is to direct a letter to the Calumet National Bank of Hammond advising them that she claimed to be President of the corporation and warning the Bank not to honor the signature of Henry F. Herschbach on corporate checks.

As indicated, this case was venued to the Jasper Circuit Court and the transcript actually arrived in that court in November of 1970. The counter-complaint and cross-complaint of the Appellees, Henry F. Herschbach, Mary F. Herschbach and G. Edward McHie, for a preliminary injunction was set for hearing first on May 20, 1971 and then reset for June 7, 1971.

The Appellants, Henryetta Herschbach Grothe and Jack Herschbach, filed a motion for change of venue from Jasper

County on June 4, 1971, to which the Appellees objected on the grounds that it was not timely filed. On June 7, 1971, the trial court denied the Appellants' motion for change of venue from county. In this regard we must consider the trial court's order of May 20, 1971, which we quote here in its entirety from page 525 of the transcript:

"Come Jack Herschbach, Helen Herschbach and Edward M. Schaeffer in person and by their attorneys, Owen W. Crumpacker and John E. Hopkins. Owen W. Crumpacker and John E. Hopkins also appear as attorneys for Henryetta Herschbach Grothe, and comes also Mary F. Herschbach in person and by her attorneys Thomas B. Dumas, William S. Spangler, John McQuillan and William F. Glendenning. Said Thomas B. Dumas, William S. Spangler, John McQuillan and Wilbur F. Glendenning also appear for Henry F. Herschbach and Herschbach Motor Corporation.

The cross-defendants, Jack Herschbach and Henryetta Herschbach Grothe file written motion to dismiss counter complaint and third party complaint for the reason it was not filed in accordance with TR. 14, reading as follows: (H.I.) Motion overruled.

Owen W. Crumpacker files motions of Helen Herschbach and Edward M. Schaeffer to dismiss for want of jurisdiction the counter complaint and third party complaint reading as follows: (H.I.)

Owen W. Crumpacker files motion of Jack Herschbach to dismiss the counter complaint and third party complaint, reading as follows (H.I.)

The motion of Henryetta Herschbach Grothe for want of jurisdiction heretofore filed and addressed to the counter complaint and third party complaint and the motion of Jack Herschbach, Helen Herschbach and Edward M. Shaeffer are now submitted to the court. The court having heard argument now overrules all of said motions.

Owen W. Crumpacker on behalf of Jack Herschbach, Helen Herschbach, Edward M. Schaeffer and Henryetta Herschbach Grothe moves the court for a continuance of this cause.

Court indicates that a continuance will be granted in the event the counter-defendants and third party defendants Jack Herschbach, Helen Herschbach, Edward M. Schaeffer and Henryetta Herschbach Grothe waive the questions of jurisdiction presented by their objections. Owen W. Crum-

packer, attorney for Jack Herschbach, Helen Herschbach, Edward M. Schaeffer and Henryetta Herschbach Grothe, now waives any questions as to this court's jurisdiction over the counter defendants and third party defendants and as to the subject matter of the counter complaint and third party complaint.

The parties by agreement consent that the cause on the counter complaint be assigned for trial by the court on June 7, 1971, at 9:30 A.M., C. D. T. and the court so orders said case to be set as aforesaid.

In this regard we also have before us a letter from counsel for Henryetta Herschbach Grothe and Jack Herschbach which was dated May 28, 1971 and was mailed to and received by the trial court. It states:

"I received a copy of your Honor's Minutes in the mail. I think that the Minutes need some correcting in certain particulars.

The plaintiffs in the case, Jack Herschbach and Henryetta Herschbach Grothe, filed their written Motion to Strike and Exsponge [sic] the so-called 'Counter Complaint and Third Party Complaint.' In other words, Trial Rule 14 provides that you can't come in and file a new law suit after the Answer is on file except with leave of Court for good cause shown. The plaintiffs, who filed the original suit in Crown Point, sought to strike and exsponge [sic] the record made, ex party [sic], against them.

Also, *the named counter defendants,* separately, filed motions to *quash the notices.* They did not file motions to dismiss the counter complaint and third party complaint. The notice, as your Honor will recall, is the notice of the court signed on the 13th of May. It was not served with a summons as is required by the rule. For that reason, the named four individuals sought to question the service of notice.

In due course, I will prepare and file a Motion to Correct the Order, Nunc Pro Tunc."

As far as we can determine the motion mentioned in the last quoted paragraph was never filed.

It is readily apparent that the above letter, even if considered a formal request for some action by the trial court,

in no manner raises any question about the accuracy of that part of the May 20, 1971 order which discloses an agreement for a trial on June 7, 1971.

We also have before us a complete transcript of the proceedings in the trial court which lead up to the above order of May 20, 1971. As far as we are concerned the order of May 20, 1971 stands as the order of the trial court and for purposes of determining the timeliness of the motion for change of venue indicates that such was filed after an agreement for a trial date. Trial Rule 76 of the Indiana Rules of Civil Procedure provides, in pertinent part, as follows:

"(6) Provided further, in the event a change is granted from the judge or county within the prescribed period, as stated above, a request for a change of judge or county may be made by a party still entitled thereto within ten [10] days after the special judge has qualified or the moving party has knowledge the cause has reached the receiving county or there has been a failure to perfect the change . . .

(7) Provided further, a party shall be deemed to have waived a request for a change of judge or county if a cause is set for trial before the expiration of the date within which a party may ask for a change, evidenced by an order book entry and no objection is made thereto by a party as soon as such party learns of the setting for trial. Such objection, however, must be made promptly and entered of record, accompanied with a motion for a change from the judge or county (as the case may be) and filed with the court."

The trial court's ruling was correct. The purpose of the rule relating to the time for filing a motion for change of venue is to reduce unnecessary delays occasioned by late filing of change of venue petitions which has as one of their objects the postponement or avoidance of a trial. The purpose of the rule is to expedite trials and not cause further delay or aid in dilatory practice. See *State ex rel. Mays* v. *Fayette Circuit Court* (1967), 250 Ind. 205, 231 N. E. 2d 225. Our Supreme Court has enforced this rule. The parties who do not object to the setting of a trial date thereby waive their right for a change of venue. See *State*

*ex rel. Meeks* v. *Porter Superior Court* (1968), 250 Ind. 416, 234 N. E. 2d 848, and *State ex rel. Gatewood* v. *Hamilton Cir. Ct.* (1967), 248 Ind. 248, 225 N. E. 2d 826.

The trial court conducted an evidentiary hearing on December 20, 1971 in regard to granting the temporary injunction entered here.

Looking at the evidence most favorable to the Appellee it appears that Henry F. Herschbach is the founder (or one of the founders) of the Herschbach Motor Corporation and has served as the chief executive officer and director of said corporation for the last 40 years. Henry F. Herschbach made all of the day to day business decisions regarding payroll, hiring and firing, paying bills, determining whether bills were legitimate, verification of business expenses, opening and closing of the place of business, making deposits in the bank, verification of accuracy of customer's accounts on the ledgers, collection of debts, general customer relations, purchasing of used cars from automobile auctions, other dealers and individuals, dealing with complaining customers, verification of proper insurance coverage and in general making the corporation a growing and profitable concern.

The record also discloses that Henry F. Herschbach as Trustee under the trust declared by Jack Herschbach on August 17, 1965 was the owner of 1299 shares of common stock of the Herschbach Motor Corporation at the time of the May 11, 1971 meeting and since. Henry F. Herschbach and his wife, Mary F. Herschbach, held one share jointly. Mary F. Herschbach held 60 shares in her own name. These facts were disclosed by the transfer record books of the Herschbach Motor Corporation introduced into evidence. The stock transfer records further disclose a previous transfer by Jack Herschbach of 1299 shares to Henry F. Herschbach in trust.

In addition to the two sets of conflicting minutes relating to the stockholders' meeting on May 11, 1971 there was testimony from a court reporter attending the meeting at the instance of Henry F. Herschbach that no change of directors occurred.

There is ample evidence at this point in the proceedings pendente lite that Henry F. Herschbach has made a competent showing that he is the de facto president and director of the Herschbach Motor Corporation and as such he is entitled to preliminarily enjoin pretenders to his office. With the exceptions enumerated here he alone has performed the duties of the president and conducted the corporate affairs of the Herschbach Motor Corporation.

The Appellees' verified counter-complaint and third party complaint for injunction were admitted into evidence by the trial court over objection. Under Ind. Ann. Stat. § 3-2105 (Burns 1968), IC 1971, 34-1-10-4, it provides:

"On the hearing of an application for a restraining order or temporary injunction, each party may read affidavits, or documentary or record evidence."

In a hearing for a temporary injunction, the verified petition or application must be introduced into evidence before the court may consider its allegation as a basis for a finding in the determination of a temporary injunction. See *Indianapolis Dairymen's Co-op.* v. *Bottema* (1948), 226 Ind. 260, 79 N. E. 2d 412. Therefore, no reversible error was committed by the trial court in this regard.

We cannot find as a matter of law that the trial court abused its discretion in entering the temporary injunction on March 2, 1972. Therefore, the action of the trial court in that regard is affirmed and this case is remanded to the trial court for further proceedings on the merits.

We strongly suggest that upon remand this case be advanced on the trial court's docket and that the trial court proceed without delay to determine this case on the merits.

Hoffman, C.J. and Staton, J., concur.

NOTE.—Reported in 286 N. E. 2d 868.